## Commonwealth v. Booker

*Richard M. Rosenbleeth*, for Commonwealth.
*Stanford Shmukler*, for defendant.

SLOANE, P. J., October 15, 1959.—Defendant, by a motion in arrest of judgment, challenges the legal sufficiency of his conviction under an indictment of only one count, charging that he "unlawfully, by himself, his employes and agents, exposed and kept for sale, and did sell certain alcoholic, spirituous, vinous and fermented liquor and other alcoholic beverage, contrary to the form of the Act of the General Assembly. . . ."

A jury was waived. The evidence proved the sale of beer only, without a license, in violation of section 492 of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-492. Defendant was found guilty and sentenced. His motion raises the question whether the indictment properly alleged the only violation proved, illegal sale of beer.

The Liquor Code prescribes, in separate sections, the sale without a license of liquor, section 491(1), 47 PS §4-491(1), and of beer, section 492, 47 PS §4-492. The terms liquor and beer are defined in the code, section 102, 47 PS §1-102, in mutually exclusive terms. The statutory arrangement of sections 491 and 492 also makes them separate offenses.

Defendant's contention is that the indictment, as drawn, charges an illegal sale of liquor only; the evidence shows only an illegal sale of beer; hence there is a fatal variance.

This contention requires construction of the indictment,* specifically, the words "and other alcoholic beverage." This is clear; the language immediately preceding it, "certain alcoholic spirituous, vinous and

---

* The language of the indictment is not identical with the definition of liquor in the code. The code reads, "any alcoholic, spirituous, vinous, fermented or other alcoholic beverage. . . ." The indictment refers to "certain alcoholic, spirituous, vinous and fermented liquor and other alcoholic beverage. . . ."

fermented liquor", describes the offenses of illegal sale of liquor, not beer. The question is whether the phrase "and other alcoholic beverage" includes beer as well as liquor, within the meaning of the indictment. If it does, defendant then urges that the indictment is invalid for duplicity, in that in one count he is charged with the separate offenses of unlawful sale of liquor and unlawful sale of beer.

At the trial the Commonwealth took the position that the meaning of "and other alcoholic beverage" was to be ascertained with reference to the asserted ordinary meaning of the term, that both beer and liquor are alcoholic beverages. That may be as the words say, but the statute itself defines the term alcohol, as well as the words beer and liquor, and the statutory definitions control. In section 102 of the code, the definition of alcohol is limited to that "produced by the distillation of any fermented liquid." While beer is produced from fermented liquid, it is not produced by distillation. Beer is not alcohol within the statutory definition, and therefore an alcoholic beverage could not be beer if the statutory definition is followed.

In construing the meaning of an indictment charging a criminal violation of a statute, the definitions explicitly set forth in the statute should govern the meanings of the words in the indictment as against a broad or loose meaning. The legislature spoke and: "The only constitutional power competent to define crimes and prescribe punishment therefor is the legislature, and courts do well to leave the promulgation of police regulations to the people's chosen legislative representatives": Commonwealth v. Redline, 391 Pa. 486, 490.

In reaching this conclusion, it is not necessary to advert to the maxim on strict construction of penal statutes and accusations, though these principles would further support defendant's position. Where there is

plain expression, there is plain intendment. See Orlosky v. Haskell, 304 Pa. 57, 62. It is impossible for me to create the notion that whiskey includes beer when the legislature took the specific bother to speak of beer and whiskey separately and definitively. Certainly ". . . there is no canon against using common sense in construing laws as saying what they obviously mean": Roschen v. Ward, 279 U. S. 337, 339.

The result follows for another reason. Since the issue is to construe the meaning of the words "and other alcoholic beverage," the problem directs us to the concept of ejusdem generis. Under ejusdem generis, since "and other alcoholic beverage" is preceded by "certain alcoholic, spirituous, vinous and fermented liquor," the *other* beverage should be construed to mean, as do the prior terms, other liquor. This view finds full support in that the statute itself defines liquor to mean "any alcoholic, spirituous, vinous, fermented or other alcoholic beverage . . .": Section 102. In the statute, "other alcoholic beverage" means only liquor, and does not include beer, which is expressly excepted at the end of the definition.

The important observation is that the Liquor Code makes the illegal sale of beer and the illegal sale of liquor separate offenses, treated and covered by separate sections. It follows that if a defendant sells beer against the Liquor Code he should be so indicted, and tried, and if an indictment accuses differently, the indictment is not good unless amended, an opportunity to do which was given the Commonwealth but not taken.

Since the indictment and the proof were at total variance we must grant defendant's motion in arrest of judgment, and we need not discuss the raised question of duplicity.

The motion in arrest of judgment is granted. Defendant is discharged.