Commonwealth, Appellant, *v.* Ray.

Argued September 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

reargument refused December 24, 1970.

*Thomas C. Carroll,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., December 10, 1970:

These are appeals by the Commonwealth from the order of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia, dismissing prosecutions under Section 10-814 and Section 10-818 of The Philadelphia Code and indictments for carrying a concealed deadly weapon and for unlawfully carrying a firearm without a license under the Uniform Firearms Act of 1939, June 24, P. L. 872, §628, 18 P.S. 4628 and its amendments. The Court directed verdicts of not guilty of the indictable offenses of carrying a concealed deadly weapon and, holding Section 10-814 and Section 10-818 of The Philadelphia Code unconstitutional, dismissed the summary charges under the Code and held that Sections e.1 and e.2 of Section 628 of the Uniform Firearms Act, 1968, July 30, P. L. , §1, 18 P.S. 4628 as unconstitutional and dismissed the indictable offenses without decision on the merits.

Appellee, Frederick Ray, was tried after waiver of trial by jury before Judge Thomas M. REED on indictments for (1) carrying concealed deadly weapon and (2) unlawfully carrying a firearm without a license. He was also charged with the summary violation of the licensing provision of Section 10-814 of The Philadelphia Code.

Appellee, Hosie Jeffcoat, was charged with the same indictable offenses as well as a summary violation of Section 10-818 of The Philadelphia Code which pro-

hibits the carrying of firearms in public in Philadelphia.

The directed verdicts of not guilty are not appealable by the Commonwealth. *Commonwealth v. Haines,* 410 Pa. 601, 190 A. 2d 118 (1963). However, both defendants were also charged in summary proceedings with violation of Section 10-814 in the case of Ray, which prohibits the acquisition or transfer of firearms without a license; in the case of Jeffcoat, violation of Section 10-818 of the Code, which prohibits the carrying of firearms in public places. In both summaries, the Court dismissed the prosecutions and they are the proper subject for appellate review on appeal by the Commonwealth. It is only where the question involved is purely one of law that the Commonwealth may appeal from an adverse ruling in a criminal case. *Commonwealth v. Melton,* 402 Pa. 628, 168 A. 2d 328 (1961). These cases clearly fall into that category where the court below dismissed the prosecution on the ground of unconstitutionality. The petitions to quash these appeals are denied.

Hosie Jeffcoat was apprehended in the 5500 block of Jane Street in the City of Philadelphia by Police Officer Michael Nuzzi, on August 29, 1969. He was subsequently indicted for carrying a concealed deadly weapon and for carrying a firearm without a license. The Magistrate's transcript carried the additional charge of violation of City Ordinance 10-818, which prohibited the carrying of firearms in public places.

The Court declared Section 628(e.2) of the Uniform Firearms Act, 1968, July 30, P. L.     , §2, as unconstitutional; the court further declared the City Firearms Ordinance Section 10-818 to be unconstitutional; the court sitting as trier of fact found the weapon was not concealed and directed a verdict of not guilty of carrying a concealed deadly weapon.

In 1951, Philadelphia, by referendum of its citizens, adopted the Philadelphia Home Rule Charter as provided by Article XV, §1, of the Pennsylvania Constitution as of that date and the authority expressly granted by the Legislature in the First Class City Home Rule Act, 1949, April 21, P. L. 665, §1 et seq., 53 P.S. §13101 et seq. Section 17 of the Home Rule Act provided that a city taking advantage of the act shall have all powers of local self-government " . . . and shall have complete powers of legislation and administration in relation to its municipal functions . . . The charter of any city adopted or amended in accordance with this act may provide for a form or system of municipal government and for the exercise of any and all powers relating to its municipal functions, not inconsistent with the Constitution of the United States or of this Commonwealth, to the full extent that the General Assembly may legislate in reference thereto as to cities of the first class, and with like effect, and the city may enact ordinances, rules and regulations necessary and proper for carrying into execution the foregoing powers and all other powers vested in the city by the charter it adopts or by this or any other law."

· That this enabling statute did not grant unlimited legislative power to the city is apparent from a reading of Section 18 of the Act which provides in part as follows: ". . . contrary to, or in limitation or enlargement of, powers granted by acts of the General Assembly which are . . . (b) Applicable in every part of the Commonwealth. (c) Applicable to all the cities of the Commonwealth."

In 1965, the City of Philadelphia passed an ordinance regulating the acquisition and transfer of firearms. Section 10-814, Para. 2, provides that: "(2) Prohibited Conduct. No person shall acquire or transfer any firearm in the City, and no person shall ac-

quire a firearm outside of the City, which is brought into the City, unless application has been made to, and license obtained from the Department."

In 1967, the City of Philadelphia passed another ordinance regulating firearms in public places. Section 10-818 reads as follows:

"(1) Definition.

"Firearms. 'Firearms' means any revolver, pistol, rifle, shotgun or other weapon capable of propelling a projectile by means of an explosive material or charge.

"(2) Prohibited Conduct. No persons shall carry a firearm upon the public streets or upon any public property at any time unless that person is:

"(a) licensed by the Commonwealth of Pennsylvania to carry a firearm or licensed to hunt;

"(b) actively engaged in a defense of his life or property from imminent peril or threat; or

"(c) a police officer or member of the State or Federal militia on active duty.

"(3) Penalty. The penalty for violation of this section shall be a fine of not less than three hundred (300) dollars and imprisonment of not less than ninety days."

At the time of the passage of these ordinances, the Legislature had shown its intention to regulate firearms, their sale, use, etc., by statutes passed from time to time. One such statute was the Uniform Firearms Act, supra.

The intent of the Legislature is further indicated by its adoption of additions to the Uniform Firearms Act, supra, which provide:

"(e.1) No person shall carry a firearm, rifle or shotgun upon the public streets or upon any public property during an emergency proclaimed by a municipal or state governmental executive unless that person is:

"(1) Actively engaged in a defense of his life or property from peril or threat; or

"(2) Licensed to carry firearm under subsection (f) of this section or is exempt from licensing under subsection (e).

"(e.2) No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

"(1) Such person is licensed to carry a firearm; or

"(2) Such person is exempt from licensing under subsection (e)."

A reading of the ordinances and the statutes shows the City of Philadelphia exceeded the limits of its authority granted by the Home Rule Act in that it attempts to extend its authority beyond the city limits and both limits and enlarges the powers granted by acts of the General Assembly which are applicable in every part of the Commonwealth and therefore, the City Ordinances are unconstitutional.

The lower court also held the 1968 Amendment, supra, to the Uniform Firearms Act unconstitutional as being class legislation, and as contravening Article I, §1, and Article I, §21 of the Pennsylvania Constitution thus exceeding the police power of the General Assembly.

That this is not class legislation is clear since the act applies to all persons in the Commonwealth and not just those in a city of the first class. The limitation is as to an area constituting a very small portion of the Commonwealth. First class cities have been the special subject of attention by the General Assembly in almost every field of legislation since their creation without objections. Also the General Assembly has given attention to the needs of limited areas as to the control of firearms for nearly 100 years, i.e., the City of Harrisburg, by Act of 1873, April 12, P. L. 735.

The right of citizens of Pennsylvania to bear arms in defense of themselves, their property and the State

predates any Constitution of the Commonwealth, and has been embodied in every Constitution we have had and is in Article I, §1, and Article I, §21 of the present Constitution of Pennsylvania as follows:

"ARTICLE I, SECTION 1. All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

"ARTICLE I, SECTION 21. The right of the citizens to bear arms in defence of themselves and the State shall not be questioned."

That the right to bear arms, guaranteed by the Constitution, is not an unlimited right is almost universally accepted. A reasonable regulation in a gun control law is a valid exercise of the police power of the Commonwealth prescribing for the good order and protection of its citizens. *Commonwealth v. Butler,* 189 Pa. Superior Ct. 399, 150 A. 2d 172 (1959); *Wright v. Commonwealth,* 77 Pa. 470 (1875).

The lower court based its conclusion that the 1968 Amendments, supra, were unconstitutional because the second portion thereof did not contain an exception as to the right of a citizen to bear arms in defense of himself or his property.

This right is a constitutional one and cannot be diminished by any act of the Legislature. If it were included it would be mere surplusage, for it is presumed that all acts of the Legislature are subject to the clear mandate of the Constitution and included by reference thereto.

We are bound to afford this legislation the presumption of Constitutionality. Act of May 28, 1937, P. L. 1019, Article IV, §52, 46 P.S. §552.

In view of the prevailing circumstances in the Commonwealth, we hold the 1968 Amendments to the Uniform Firearms Act reasonable and constitutional.

The judgments of the court below are affirmed in part and reversed in part and the records are remanded to the court below for disposition on the merits in line with this opinion.