Commonwealth *v.* Kontos, Appellant.

Submitted September 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused May 26, 1971.

*H. David Rothman,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, March 18, 1971:

On March 14, 1966, one Hazel Deere, a 72 year old spinster, was murdered during the course of a robbery committed at her apartment. Shortly thereafter the appellant, Gus Kontos, was arrested and charged with the crime, to which he confessed. On October 3, 1966, Kontos, represented by private counsel, entered a plea of guilty to murder generally,[1] and at a subsequently held degree of guilt hearing before a three-judge court, he was found to be guilty of murder in the first degree. The sentence imposed was life imprisonment. No appeal was taken.

---

[1] Appellant's original plea was not guilty, but was changed to guilty during the first day of trial. In the meantime, there had been a suppression hearing, to which reference will be made *infra.*

On January 2, 1970, the appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq., alleging that his guilty plea was not knowingly entered because it had been primarily motivated by a constitutionally infirm confession. Following a counseled hearing, at which testimony of Kontos and his trial counsel was presented, the hearing judge entered an order denying relief. This appeal followed.

We deem it important initially to note the law in Pennsylvania with respect to collateral attacks on guilty pleas which are alleged to have been primarily motivated by constitutionally infirm confessions. In order successfully to overturn a plea on such grounds, a defendant must first show that he was so incompetently advised by counsel that he could not, under the circumstances, have knowingly and intelligently pleaded guilty. *McMann v. Richardson,* 397 U.S. 759, 25 L. Ed. 2d 763 (1970) ; *Commonwealth v. Marsh,* 440 Pa. 590, 271 A. 2d 481 (1970) ; *Commonwealth v. Rogers,* 440 Pa. 598, 269 A. 2d 449 (1970) ; *Commonwealth v. Ward,* 442 Pa. 351, 275 A. 2d 92 (1971). Our inquiry, therefore, is appropriately directed to the reasonableness of counsel's assessment of the case and his advice to his client in light thereof, including advice as to the implications and consequences of entering a guilty plea. *Commonwealth v. Ward, supra,* at p. 351.

Neither in his PCHA petition nor at the hearing thereon did appellant assert that his trial counsel was incompetent in any manner. Moreover, our independent review of the record satisfies us that counsel acted competently in assessing appellant's case, advising a plea of guilty, and making appellant aware of the consequences of entering such a plea. Accordingly, appellant's assertion that he should now be allowed to withdraw his guilty plea must fail.

When a defendant enters a plea of guilty to murder generally, however, he does not thereby waive his right to object to improper evidence which would bear on his degree of guilt and the punishment to be imposed. *Commonwealth v. Marsh, supra*, at p. 594; *Commonwealth v. Garrett*, 425 Pa. 594, 597, 229 A. 2d 922 (1967). In this regard, the record reveals that on the evening of Kontos' arrest he made oral statements to the police indicating he had planned the Hazel Deere robbery at least one week in advance and that he, with others, actively participated in the robbery during which the injuries causing Miss Deere's death were inflicted. Following a suppression hearing conducted between September 6 and September 19, 1966,[2] it was held that these oral statements would be admissible at Kontos' trial. Our review of the record of that hearing compels the conclusion that the confession would not have been admissible at trial, because Kontos was never adequately advised by the interrogating police officers of his right to the assistance of free counsel, if indigent, as dictated by *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966).[3] See *Commonwealth v. Yount*, 435 Pa. 276, 279, 256 A. 2d 464 (1969); *Commonwealth v. Dixon and Kontos*, 432 Pa. 423, 426 (1968). It follows that the statements should not have been used at the degree of guilt hearing.

Notwithstanding the error of admitting the statements into evidence, we conclude that on the record before us appellant is foreclosed from raising the issue on later collateral attack. Counsel made no objection

---

[2] The length of the suppression hearing is accounted for by the fact that it pertained not only to Gus Kontos, the appellant here, but to three other codefendants who were charged with the same crime.

[3] The explicit warnings required by the *Miranda* case apply to all trials (or degree of guilt hearings) beginning after June 13, 1966. *Johnson v. New Jersey*, 384 U.S. 719, 16 L. Ed. 2d 882 (1966).

to the admission of the confession at the hearing. By itself, this would not be sufficient to preclude our review in light of what we said in *Commonwealth v. Jefferson*, 423 Pa. 541, 546-547, 226 A. 2d 765 (1967): "As a general rule, if the admission of evidence is to be reviewed, an objection to the introduction thereof, with stated reasons, should be noted of record at trial. See 1 Henry, Pennsylvania Trial Evidence §§418, 419 (3d ed. 1940). And, an insistence on compliance with this procedural regulation serves a legitimate state interest. However, an individual foregoes the privilege of asserting a claim of violation of constitutional rights only if he knowingly and intelligently decides not to insist thereon, or if his counsel for purposes of trial strategy decides not to raise the question." See also *Commonwealth v. Cheeks*, 429 Pa. 89, 97, 239 A. 2d 793 (1968).

The record here contains colloquies between appellant's trial counsel and the bench which indicate that both counsel and the court *en banc* were aware of the possible constitutional infirmity of appellant's confession. One of the judges inquired of counsel whether he was going to contest the admissibility of the confession, but counsel declined the opportunity to make an objection. We can only conclude, in light of the strong Commonwealth case quite apart from appellant's confession,[4] that counsel's failure to object was a deliberate decision of trial strategy. Accordingly, appellant may not now litigate the admissibility of his confession at his degree of guilt hearing.

---

[4] Aside from appellant's confession and his own incriminating testimony offered at the degree of guilt hearing, the Commonwealth presented testimony from two codefendants that Kontos was involved in the robbery. There was, in addition, testimony by disinterested third parties which placed Kontos at the scene of the crime and circumstantially showed him to have been a participant.