Commonwealth *v.* Johnson, Appellant.

Argued November 16, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

*Seymore H. Johnson, Jr.,* with him *Dennis E. Haggerty,* for appellant.

*Albert L. Becker,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, March 16, 1973:

Following an eight day jury trial in 1969, the appellant, Lionel Johnson, was found guilty of the first degree murder of John Boykin. Post-trial motions were denied and a sentence of life imprisonment was imposed.

The Commonwealth's case of felony-murder against appellant was built around the eyewitness testimony of the victim's ten year-old son (seven at the time of the incident), Curtis Boykin, and a voluntary statement given by appellant to the police following his apprehension. The evidence showed that on March 23, 1967, Lionel Johnson and one Larry Horsey approached John Boykin's oil truck intending to commit a robbery. They ordered Boykin out of the cab, whereupon Horsey shot him while Boykin's son looked on helplessly. Appellant's statement claimed that the shooting was in self-defense. Since death occurred during the commission of a robbery, however, this attempted defense proved unavailing, and appellant, admittedly not the triggerman, was convicted of first degree murder as an accomplice.

On this appeal, four alleged trial errors are asserted as the basis for a new trial. First, it is claimed that a large sketch (map) of the scene of the crime, exhibited by the prosecution at counsel table in full view of the jury, prejudiced the defendant. No explanation, however, has been offered either at trial or on this appeal as to the manner in which prejudice resulted. The sketch was used during the cross-examination of both appellant and Horsey, the witnesses marking certain critical locations with red x's. When offered into evidence, defense counsel objected only to the exhibit's admission. This objection was sustained and the map was excluded for want of a proper foundation.

Appellant next objects to the introduction into evidence of the coat worn by the deceased at the time of the shooting, claiming it was inflammatory and intended only to arouse the passions of the jury. The coat and the laboratory examination made thereon, however, were highly relevant evidence. They revealed that the shotgun blast which killed the deceased was fired at close range (2½-5 feet), corroborating the testimony of Curtis Boykin and adding credence to the Commonwealth's theory of felony-murder. The coat was not sent out with the jury. Appellant's bald assertion that it had an inflammatory effect and aroused the emotions of the jury is unsupported in the record.

The third alleged error goes also to a ruling on evidence, viz., permitting the introduction of a tape-recording. This recording, offered by the Commonwealth to refute appellant's contention that the statement given to the police on the day of his arrest was involuntary, included the reading of *Miranda* warnings, an acknowledgment by appellant that he had been fairly treated, and the statement itself as dictated by a detective to the recorder from the original writing. Only the first two portions were played to the jury, however, because the statement itself had been intro-

duced earlier as a written exhibit. We agree with the lower court that the recording was relevant and admissible as rebuttal evidence. In *Commonwealth v. Lopinson*, 427 Pa. 284, 308, 234 A. 2d 552 (1967), we said: ". . . [T]ape recordings are admissible in evidence when they are properly identified and are a true and correct reproduction of the statements made, and when the voices are properly identified." See also *Commonwealth v. Leamer*, 449 Pa. 76, 295 A. 2d 272 (1972). In this case, all three of the detectives present at the time of the taping identified the voices and testified that no alterations had been made on the recording.

Finally, appellant argues that the trial court committed reversible error when it allowed the prosecution to elicit information from its own witness about the criminal record of an individual it wanted to call but whom it could not locate. Twice, appellant had mentioned to the police the name of one George Dennis in connection with the slaying, first claiming Dennis was a participant, then identifying him as an eyewitness. Homicide Detective Joseph MacDonald, called by the Commonwealth to explain Dennis' absence, testified to his fruitless efforts to locate the witness, including, inter alia, examining criminal records and interviewing a person previously robbed by Dennis. Appellant maintains that this evidence was prejudicial because it tarred him with the same brush of criminality as Dennis. Because defense counsel withdrew his objection to the now challenged testimony, however, it cannot now be raised on appeal. *Commonwealth v. Little*, 449 Pa. 28, 32, 295 A. 2d 287 (1972); *Commonwealth v. Kontos*, 442 Pa. 357, 361, 275 A. 2d 89 (1971).

Finding no error, we affirm the judgment of sentence.

Mr. Justice NIX took no part in the consideration or decision in this case.