Commonwealth, Appellant, *v.* Pope.

Argued September 12, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*James D. Crawford,* Deputy District Attorney, with him *Robyn Greene,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and

*Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Jonathan Miller,* Assistant Defender, with him *Mike Hanford,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellee.

OPINION PER CURIAM, March 27, 1973:

The six judges who heard and decided this appeal being equally divided, the order is affirmed.

---

OPINION BY JACOBS, J., IN SUPPORT OF AFFIRMANCE:

In this case involving section (e.2) of the Uniform Firearms Act,[1] the lower court sustained appellee's demurrer following a presentation of the Commonwealth's case. The evidence presented by the Commonwealth was to the effect that the appellee had been carrying a rifle with a 22-inch barrel on a street in Philadelphia. From the order sustaining the demurrer, the Commonwealth has appealed.

Because the evidence presented by the Commonwealth was not in conformity with the indictment, the lower court's order should be affirmed.

The indictment charges the appellee with carrying "a firearm, to wit, a rifle." A firearm is carefully defined in section (a) of the Uniform Firearms Act, 18 P.S. §4628(a), and means, *inter alia,* "any rifle with a barrel less than fifteen inches." The caption of the indictment lists the charge as "Violation of The Uniform Firearm[s] Act—Carrying a Firearm Without a

---

[1] Act of June 24, 1939, P. L. 872, §628, *as amended,* Act of July 30, 1968, P. L. 690, No. 228, §1, 18 P.S. §4628(e.2). The section reads: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless: (1) Such person is licensed to carry a firearm; or (2) Such person is exempt from licensing under subsection (e)."

License." Since the statute defines "firearm" the statutory definition controls and it is plain that the appellee was charged with possession of the type of rifle which meets the statutory definition of a firearm, which is a rifle having a barrel of less than 15 inches. I agree with the following quotation from Judge SLOANE'S opinion in *Commonwealth v. Booker,* 19 Pa. D. & C.2d 139, 141 (1959) : "In construing the meaning of an indictment charging a criminal violation of a statute, the definitions explicitly set forth in the statute should govern the meanings of the words in the indictment as against a broad or loose meaning."

The Commonwealth, in order to convict appellee, was required to show that he was carrying a firearm—in this case a rifle with a barrel less than 15 inches. "[T]he indictment is the star and compass of a criminal trial." *Commonwealth v. Petrillo,* 338 Pa. 65, 77, 12 A.2d 317, 324 (1940). "In criminal trials the proof offered by the Commonwealth must measure up to the charge made in the indictment." *Commonwealth v. Aurick,* 342 Pa. 282, 291, 19 A.2d 920, 924 (1941). "It is fundamental that a defendant cannot be convicted of an offense for which he was not indicted." *Commonwealth v. Charen,* 177 Pa. Superior Ct. 522, 526, 111 A.2d 155, 156 (1955). In this case the Commonwealth has not proved its charge that appellee carried a firearm. The lack of consistency between indictment and proof constitutes a fundamental defect and requires the affirmance of the order in issue.

The order of the lower court should be affirmed.

HOFFMAN and SPAULDING, JJ., join in this opinion.

---

OPINION BY WATKINS, J., IN SUPPORT OF REVERSAL:

This is an appeal by the Commonwealth from an order of the Honorable Thomas M. REED of the Court of Common Pleas of Philadelphia, Criminal Section, sit-

ting without a jury, sustaining a demurrer to a charge of violation of the Uniform Firearms Act by carrying a firearm, a rifle, without a license, in the City of Philadelphia.

A police officer testified that he observed the defendant, Phillip Pope, on December 20, 1969, at 19th and Sharswood Streets, in Philadelphia, chasing a group of males with a rifle in his hand. The rifle was operable and had a barrel length of 22 inches.

The Uniform Firearms Act, 1939, June 24, P. L. 872, §628, as amended, 1968, July 30, P. L. 690, No. 228, §1, 18 P.S. §4628 (e.2), provides that: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class . . ."

18 P.S. §4628 (a) defines "Firearm" as "any pistol or revolver with a barrel less than twelve inches, any shotgun with a barrel less than twenty-four inches, or any rifle with a barrel less than fifteen inches." The court below sustained the demurrer on the ground that this Section proscribes the carrying of only those weapons which comply with the definition of "Firearm" in the original act.

In this case, it is of great importance to examine the intention of the Legislature. The Commonwealth contends that this Section was intended to proscribe not only the carrying of "Firearms" as defined in 18 P.S. §4628 (a), but rifles and shotguns whether or not described as "Firearms" in a city of the first class.

"The evil sought to be corrected by the enactment of the Uniform Firearms Act is a serious one, and courts owe a duty to the public to see to it that the legislative intent is not thwarted by a construction which is unreasonably rigid and inflexible. In the words of Judge GERBER: 'The applicable statute is viewed as having the aim of discouraging the carrying

of unlicensed weapons because of the inherent threat to human life and public peace, the primary thrust of the statute being to prohibit a practice evil in its tendencies'." *Commonwealth v. Butler,* 189 Pa. Superior Ct. 399, 402, 150 A. 2d 172 (1959).

Judge REED based his decision on strict construction of a Penal statute. However, the Statutory Construction Act does provide: "In the construction of the laws of this Commonwealth, the rules set forth in this article shall be observed unless the application of such rules would result in a construction inconsistent with the manifest intent of the legislature." Sec. 31, Statutory Construction Act, 46 P.S. §531.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions." Section 51, Statutory Construction Act, 46 P.S. §551.

In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: "(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable. . . (2) That the Legislature intends the entire statute to be effective and certain. . ." Section 52, Statutory Construction Act, 46 P.S. §552.

The Legislature cannot be deemed to intend that language used in a statute be superfluous and without import. *Commonwealth v. Clopton,* 447 Pa. 1, 7, 289 A. 2d 455 (1972) ; *Baumer Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 372, 243 A. 2d 472 (1968) ; *Lynch v. Owen J. Roberts School Dist.,* 430 Pa. 461, 244 A. 2d 1 (1968) ; *Sherwood v. Elgart,* 383 Pa. 110, 117 A. 2d 899 (1955).

The Uniform Firearms Act, 18 P.S. §4628 was enacted in 1939, at which time the statute prohibited the

carrying of "Firearms" in any vehicle or concealed on or about one's person. There is no mention of rifles or shotguns anywhere in the statute except that found in the initial definition of "Firearms". The legislative intention was to regulate the licensing and concealed carrying of hand guns. In 1968, the statute was amended. The amendment expanded the act to cover the unlicensed carrying of weapons regardless of concealment under two circumstances as follows: "No person shall carry a firearm, rifle or shotgun upon the streets . . . during an emergency proclaimed by a municipal or state governmental executive. . ." 18 P.S. Sec. 4628 (e.1). The second set forth in 18 P.S. Sec. 4628 (e.2) provides: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets . . . in a city of the first class. . ."

If these amendments apply only to rifles with barrels less than 15 inches in length and shotguns less than twenty-four inches, the words "rifle" and "shotgun" are superfluous as "rifles" and "shotguns" with shorter barrels are already included in the definition of "Firearm".

We agree with the Commonwealth that Section 73 of the Statutory Construction Act, 46 P.S. §573, requires that amendatory laws be construed as merged in the original act. The court below relied on the original act.

When the legislative language in an amendment changes the language of the original act, the different words used are presumed to have a different meaning. *Commonwealth to use of Pandolfo v. Pavia Co.*, 381 Pa. 488, 491, 113 A. 2d 224 (1955). Change in language indicates change in legislative intent. So, when the legislature which had confined the Uniform Firearms Act to "Firearms" as defined prior to the 1968 amendment, amended the act to include "rifles" and "shot-

guns" it changed the language and so the legislative intent.

The original act was clearly intended to control concealed hand guns little used in legitimate sport. However, in 1968, the Legislature was faced with two situations in which visible guns might well be more dangerous than concealed ones. The first situation was street rioting and public emergencies that had occurred and were occurring in the summer of 1968. The second concerned the urban spread of the City of Philadelphia where there was no longer open country for hunting and casual sport shooting and where it was evident that the carrying of visible weapons in the hands of persons who could not obtain a license could be very dangerous or at least provocative.

These situations created a need, particularly in the City of Philadelphia, to regulate "Firearms" including rifles and shotguns whether concealed or not and resulted in the adoption of the amendments already discussed.

"The rule of strict construction does not require that the words of a criminal statute must be given their narrowest meaning or that the evident legislative intent should be disregarded: Commonwealth v. Mason, 381 Pa. 309, 112 A. 2d 174. The canon of strict construction of penal statutes is not an inexorable command to override common sense and evident statutory purpose:" (Citing cases). *Commonwealth v. Butler,* supra.

The appellee also contends before the Court on appeal that since he was indicted for carrying a "firearm" to wit: a rifle, it appears that he was being charged under 18 P.S. §4628 (a)'s definition of a "firearm". If he had been charged with carrying a rifle, the indictment would have been sound, but because he was charged with "carrying a firearm, to wit: a rifle"

the definition of "firearm" must be followed and the definition only included rifles under fifteen inches.

This argument was not raised below, and should not be considered on appeal. *Commonwealth v. Payton*, 431 Pa. 105, 244 A. 2d 644 (1968). However, reading the act and amendments together as discussed in this opinion the contention is without merit.

This Court in *Commonwealth v. Ray*, 218 Pa. Superior Ct. 72, 272 A. 2d 275 (1970), held that the amendments to the act (supra) were constitutional and that the Ordinances of the City of Philadelphia requiring the registration of firearms, rifles and shotguns of all descriptions and the carrying of the same were unconstitutional since the Legislature had spoken on the same subject in the amendments under discussion in this case.

Should the order of the court below be permitted to stand it appears that the carrying of a rifle with a barrel longer than fifteen inches or a regulation shotgun in public in Philadelphia would not be prohibited by the act and would overrule the *Ray* case (supra) and leave Philadelphia without any regulation as to these weapons contrary to the intent of both the Legislature and this Court.

WRIGHT, P. J., and CERCONE, J., join in this opinion.