Commonwealth *v.* Brown, Appellant.

120

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stephen Madva, Andrea C. Levin,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Marianne E. Cox, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 22, 1975:

Appellant was found guilty by a jury of three counts of corrupting the morals of a minor. The only argument raised on appeal is whether the lower court erred in its

charge on corrupting the morals of a minor. We need not reach the merits of that issue because we hold that the issue was not properly raised in the court below.

The three indictments charging appellant with corrupting the morals of a minor set forth that the crime was committed by appellant's having sexual intercourse with each of three minors. However, the notes of testimony reveal that the trial judge did not instruct the jury that the corrupting in this case had to be done by the act of sexual intercourse as required by the indictments but only instructed them as to the statutory definition of corrupting the morals of a minor: "Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of 18 years, or who aids, abets, entices or encourages any such child in the commission of any crime, or who knowingly assists or encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor . . ."[1]

After the trial judge completed his charge to the jury the following exchange took place in chambers:

"THE COURT: Have you any exception to the charge, counsel?

"[DEFENSE COUNSEL]: Not so much exceptions, Your Honor, as much as a charge of corrupting to the delinquency of a minor. I believe the bills of indictment specify the acts of intercourse as being the acts which tend to corrupt.

"THE COURT: But the statute as I read it is word for word.

"[DEFENSE COUNSEL]: I know. But in a general background this family is such I wonder if they would find him guilty of corrupting as by the family.

---

1. Act of June 24, 1939, P.L. 872, §532, *as amended*, 18 P.S. §4532, superseded by Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, eff. June 6, 1973, *as amended*, Act of Nov. 28, 1973, P.L. 341, No. 117, §1, 18 Pa.C.S. §3125 (Supp. 1974-75).

"THE COURT: I don't think so. . . ."

After considering another of defense counsel's points regarding the charge, the court asked counsel: "Are you satisfied that all your points were covered?" Appellant's counsel replied: "I am, your Honor, yes;" and then the court stated: "All right. Then note on the record that there is no exception as to any point being uncovered."

It is clear from the foregoing that at the time of trial appellant neither excepted to the instruction of the court nor did he request the court to specifically instruct the jury that the corrupting had to be done by the act of sexual intercourse. While defense counsel may have been troubled by the charge on corrupting, he chose to acquiesce in the trial court's decision that a general charge on the crime was adequate. We construe defense counsel's expression of satisfaction regarding the charge of the trial court as a withdrawal of any earlier objection. *See Commonwealth v. Johnson,* 450 Pa. 575, 301 A.2d 632 (1973). Only those issues properly raised in the court below may be reviewed on appeal. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

Judgment affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was tried on three counts of forcible rape, assault and battery with intent to ravish, incest, two counts of statutory rape, playfully pointing a firearm, and three counts of corrupting the morals of a minor. After trial by jury, appellant was found guilty of the three counts of corrupting the morals of a minor, but was acquitted on all other charges. The sole issue on appeal is the adequacy of the trial court's instructions on the charges of corruption.

The indictments in the present case stated "[t]hat on or about October 25, 1972, in Philadelphia County, JAMES BROWN, being the age of eighteen years and upwards, unlawfully did tend to corrupt the morals of

a certain minor child, then under the age of eighteen years, to wit, one [name of victim] then being the age of 12 years, in that he, the said JAMES BROWN, *did have intercourse with said minor child.*" (Emphasis added). During its lengthy charge on the applicable law, however, the court did not mention the specific corrupting act alleged in the indictments, but merely read the corruption statute verbatim: "Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of 18 years, or who aids, abets, entices or encourages any such child in the commission of any crime or who knowingly assists or encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor . . ."[1] Following the conclusion of the court's charge on the law, the following colloquy took place in chambers:

"THE COURT: Have you any exceptions to the charge, counsel?

"[DEFENSE COUNSEL]: Not so much exceptions, Your Honor, as much as a charge of corrupting to the delinquency of a minor. I believe *the bills of indictment specify the acts of intercourse as being the acts which tend to corrupt.*

"THE COURT: But the statute as I read it is word for word.

"[DEFENSE COUNSEL]: I know. But in a general background this family is such I wonder if they would find him guilty of corrupting as by the family.

"THE COURT: I don't think so . . ." (Emphasis added). After considering another point, the court asked: "Are you satisfied that all of your points are covered?" The appellant's counsel acquiesced in this statement and the court stated "that there is no exception as to any

---

1. 1939, June 24, P.L. 872, §532, added 1953, June 3, P.L. 277, §1, as amended 1961, July 25, P.L. 848, §1, 18 P.S. §4532, superseded by Act of 1972, Dec. 6, P.L. 1482, No. 334, §1, eff. June 6, 1973, as amended, 1973, Nov. 28, P.L. 341, No. 117, §1, 18 Pa.C.S. §3125.

point being uncovered." The court then addressed the jury and instructed them to retire for deliberation.

Appellant contends that the court committed reversible error in instructing the jury only as to the general definition of the crime of corrupting the morals of a minor when the indictments specified that the corrupting act was sexual intercourse. The Commonwealth argues that appellant has not properly preserved this issue for appeal, and our Court is, therefore, prohibited from deciding the merits of appellant's claim.

In *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), the Supreme Court abrogated the basic and fundamental error doctrine in criminal trials. The Court noted that the requirement of a specific timely objection insures that " '(1) Appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. (2) The trial court may promptly correct the asserted error. . . .' " 458 Pa. at 421, 326 A.2d at 273-274, quoting *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 259, 322 A.2d 114, 116-117 (1974) (abrogating the basic and fundamental error doctrine in civil trials). The thrust of *Clair* is the idea that the trial judge must be given an opportunity to rectify errors at the time they are made: " '[A] party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the Court would have corrected.' *Commonwealth v. Marlin*, 452 Pa. 380, 382, 305 A.2d 14, 16 (1973)." 458 Pa. at 423, 326 A.2d at 274. *See also* Rule 1119(b) of the Pennsylvania Rules of Criminal Procedure: "No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."

In the present case, the question is whether appellant's objection was sufficient to preserve the issue for appeal under both the letter and spirit of *Clair*. The colloquy quoted above clearly indicates that defense counsel alerted

the court to the possibility that the general charge on corruption could result in a conviction even if the jury believed that appellant did not commit the specific corrupting acts alleged in the indictments. The trial judge replied that a general charge was adequate. Thus, the trial court ruled on appellant's objection. This is clearly not a case where the appellant stood idly by and failed to bring alleged errors to the attention of the court. The Majority holds, however, that the issue was waived because defense counsel failed to repeat his objection when the trial judge asked if all his points had been covered. It would have been a futile gesture for counsel to repeat his objections when it had been denied only seconds before. I do not believe that *Clair* should be interpreted to mean that an issue is automatically waived if the magic words "I object" are missing from the record. It is hard to imagine a clearer case of elevating form over substance. Thus, I believe that appellant's claim should be decided on its merits. In *Commonwealth v. Lambert,* 226 Pa. Superior Ct. 41, 313 A.2d 300 (1973), we said: "The appellant was not charged with generally corrupting the morals of a minor, but with specifically corrupting the morals by furnishing dangerous drugs. 'In criminal trials the proof offered by the Commonwealth must measure up to the charge made in the indictment.' *Commonwealth v. Aurick,* 342 Pa. 282, 291, 19 A.2d 920 (1941). An 'indictment is the star and compass of a criminal trial . . . [and it] must be a notification to the defendant of the charge he has to meet.' *Commonwealth v. Petrillo,* 338 Pa. 65, 77, 12 A.2d 317 (1940) ; see *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972) (where bill of particulars gives notice that charge is a sale of drugs and proof shows distribution, judgment of sentence must be reversed for failure to prove sale) ; see *Commonwealth v. Pope,* 225 Pa. Superior Ct. 252, 311 A.2d 147 (1973)." 226 Pa. Superior Ct. at 44, 313 A.2d at 301.

In *Lambert,* the variance was between the indictment and the proof. The present case involves a variance between the indictment and the charge to the jury. There is no reason, however, why the rationale of *Lambert* should not apply. Under the general charge on corruption given by the court below, the jury was free to find appellant guilty of the crime of corruption even if they believed that appellant never had intercourse with the minor children. Appellant is entitled to have a jury pass only upon the crimes charged. Thus, the failure of the court properly to instruct the jury amounts to reversible error.

I would reverse the judgment of sentence and remand for a new trial.[2]

2. Appellant contends that he should be discharged. Although that was the conclusion reached in *Commonwealth v. Simione,* supra, and *Commonwealth v. Lambert,* supra, those cases involved the prosecution's failure to produce sufficient evidence to convict. *Commonwealth v. Wright,* 449 Pa. 358, 296 A.2d 746 (1972), made clear that when the evidence adduced at trial is insufficient, the appellant must be discharged. This case, however, does not involve a sufficiency issue. Despite appellant's attempt to characterize it as such, the sole issue in the case is whether the court failed to give a proper instruction to the jury.