J-S10037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC DEMONT COOK | : | |
| | : | |
| Appellant | : | No. 967 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 31, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001838-2019

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                                **FILED: June 24, 2024**

Eric Demont Cook ("Cook") appeals from the judgment of sentence imposed following his convictions for one count of attempted murder, six counts of aggravated assault, and three counts of simple assault.[1]  We affirm.

In the early morning hours of March 7, 2019, Elisa Lenzi, along with her boyfriend, Christopher Chambers, and their friend, James Lookabaugh, were at a bar in Belle Vernon, Pennsylvania.  Cook approached Ms. Lenzi and initiated a conversation with her after recognizing her as a friend from high school.  Ms. Lenzi introduced Cook to Mr. Chambers and Mr. Lookabaugh. Cook mentioned his recent release from jail and Mr. Lookabaugh attempted to make a joke that Cook should not put that on his resume.  This comment resulted in a change in Cook's demeanor, and a fight ensued during which Cook pulled a knife from his pocket and stabbed Mr. Chambers seven times in

_____

[1] **See** 18 Pa.C.S.A. §§ 901(a), 2501(a), 2702(a)(1), (4), 2701(a)(1).

his face, neck, chest, and arm. Cook also stabbed Ms. Lenzi, who was sitting on a barstool, severing her femoral artery. Cook additionally stabbed Mr. Lookabaugh, who attempted to break up the fight. Mr. Chambers and Ms. Lenzi were life-flighted by helicopter to a hospital. Mr. Chambers' injuries required nearly 100 stitches and resulted in permanent scarring. Ms. Lenzi's severed artery required surgery and resulted in permanent nerve damage, sensory loss, blood clots, and scarring. Mr. Lookabaugh was stabbed twice, requiring stitches and resulting in scarring.

Prior to trial, defense counsel raised an objection to the admission of the statement made by Cook at the bar where he told Ms. Lenzi, Mr. Chambers, and Mr. Lookabaugh that he was recently released from jail. However, after a discussion on the record with the trial court, defense counsel withdrew his objection to the admission of the statement.

The matter then proceeded to a jury trial at which Cook testified and claimed that he acted in self-defense. At the conclusion of trial, the jury found Cook guilty of the attempted murder of Mr. Chambers, aggravated assault causing serious bodily injury to all three victims, aggravated assault with a deadly weapon of all three victims, and simple assault of all three victims.

At a sentencing hearing conducted on March 16, 2023, defense counsel made an oral motion for a new trial on the basis that the verdict was against the weight of the evidence. The trial court denied the motion and proceeded to sentencing. The trial court announced the sentence for each count, which totaled twenty-six to fifty-two years in prison. However, the trial court then

incorrectly stated that the aggregate sentence was twenty-three and one-half to forty-seven years in prison. A sentencing order was entered, listing the sentence for count six as seven and one-half to nine years in prison, despite the trial court's statement at the hearing that it was to be seven and one-half to fifteen years in prison. The sentencing order did not state the aggregate sentence, however it totaled twenty-six to fifty-two years in prison. The next day, March 17, 2023, the trial court issued an amended sentencing order, correcting the sentence as to count six to reflect the term stated at the hearing, which did not affect the aggregate sentence.

Cook filed a post-sentence motion requesting modification of his sentence and a judgment of acquittal based on the Commonwealth's failure to present sufficient evidence to support his convictions. Cook requested that his sentence be reduced due to its excessiveness or, in the alternative, that it be amended to reflect an aggregate sentence of twenty-three and one-half to forty-seven years in prison, as the trial court stated at the sentencing hearing. On May 31, 2023, following a hearing, the trial court entered an order granting Cook's motion to modify sentence and modifying it to reflect the reduced aggregate sentence requested, but ordered briefs to be filed by the parties addressing the motion for judgment of acquittal based on the sufficiency of the evidence. The trial court filed an opinion and order on August 8, 2023, denying Cook's post-sentence motion for judgment of acquittal. Cook filed a notice of appeal on August 21, 2023 purporting to appeal from the August 8,

2023 order.[2]  Thereafter, Cook and the trial court both complied with Pa.R.A.P. 1925.[3]

Cook raises the following issues for our review:

1. Whether the jury verdict was against the sufficiency of the evidence presented at trial?

   a. Whether the Commonwealth presented insufficient evidence against [Cook] to substantiate the verdict as the Commonwealth failed to disprove [his] claim of self-defense beyond a reasonable doubt.

   b. Whether the Commonwealth presented insufficient evidence against [Cook] to substantiate the verdict as the Commonwealth failed to prove [he] possessed the requisite *mens rea* of criminal attempt – criminal homicide?

   c. Whether the Commonwealth presented insufficient evidence against [Cook] to substantiate the verdict as the Commonwealth failed to prove [he] possessed the requisite means rea of aggravated assault and simple assault?

---

[2] Cook's timely post-sentence motion filed on March 23, 2023, had the effect of tolling the appeal period from the March 17, 2023 amended judgment of sentence.  **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).  However, a further amended judgment of sentence was entered on May 31, 2023.  We conclude that Cook's notice of appeal, filed within thirty days of the denial of the remainder of his post-sentence motion on August 8, 2023, is timely and is properly taken from the amended judgment of sentence entered May 31, 2023.  **See** Pa.R.Crim.P. 720(A)(2)(b). We have corrected the caption accordingly.  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (correcting caption to reflect that an appeal properly lies from the judgment of sentence).

[3] In its Pa.R.A.P. 1925(a) opinion, the trial court addressed two of Cook's issues and, in lieu of addressing his remaining issues, referred this Court to its opinion and order filed August 8, 2023.

2. Whether the jury verdict was against the weight of the evidence presented at trial?

3. Whether the trial court abused its discretion by admitting prior bad act evidence, namely evidence that [Cook] had just been released from prison for an unrelated matter?

4. Whether the trial court erred by denying the post[-]sentence motions filed by [Cook]?

Cook's Brief, 6-7 (unnecessary capitalization omitted).

In his first issue, Cook purports to challenge the sufficiency of the evidence supporting his convictions. Initially, we must determine whether Cook preserved this issue for our review. This Court has consistently held:

If [an] appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

*Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation omitted). Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains more than one element that the Commonwealth must prove beyond a reasonable doubt. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). When a concise statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal. *See Williams*, 959 A.2d at 1257.

- 5 -

In the instant matter, Cook was convicted of one count of attempted murder, three counts of aggravated assault with a deadly weapon, three counts of aggravated assault causing serious bodily injury, and three counts of simple assault, each of which contains more than one element that the Commonwealth must prove beyond a reasonable doubt. *See* 18 Pa.C.S.A. §§ 901(a), 2501(a), 2702(a)(1), (4), 2701(a)(1). After Cook filed a notice of appeal, the trial court ordered him to file a concise statement pursuant to Rule 1925(b). *See* Order, 8/22/23, at 1.

However, our review of the concise statement reveals that Cook stated his sufficiency claim as follows: "[w]hether the trial court erred by denying [Cook's] motion for judgment of acquittal after trial because the verdict reached in this matter was against the sufficiency of the evidence presented at trial?" Concise Statement, 9/12/23, at unnumbered 1. The concise statement failed to specify the element or elements of attempted murder, aggravated assault with a deadly weapon, aggravated assault, and simple assault that Cook alleges went unproven at trial. *See Williams*, 959 A.2d at 1257. Due to this deficiency, Cook failed to preserve his challenge to the sufficiency of the evidence for our review.

In Cook's second issue, he claims that the verdict was against the weight of the evidence. As our Supreme Court has explained:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most

favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice."

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations and footnote omitted). The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. *See Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015). Thus, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the trial court. *Id*. at 546.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence*. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable

reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted, emphasis in original).

In presenting his weight challenge, Cook recounts the testimony of several witnesses, as it was presented at trial, and baldly claims that the trial court did not properly weigh the evidence, requiring this Court to remand for a new trial.[4]

The trial court considered Cook's weight challenge and determined that it lacked merit. The trial court reasoned:

In light of the testimony and evidence offered in this case and based upon this court's review of the entire record, the court finds that the verdicts rendered were consistent with the evidence presented. . . .

The court finds that the jury was certainly capable of determining whether to believe all, part, or none of the evidence with respect to whether the Commonwealth met its burden at each count, to consider the issue of self-defense, to determine the credibility of each witness, and to make inferences based on all of the evidence presented at trial. Clearly the jurors found the consistent testimony of Mr. Chambers, Ms. Lenzi, and Mr. Lookabaugh to be credible and rejected [Cook's] self-serving self-

---

[4] Notably, Cook does not identify **any** facts which he claims are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. ***See Widmer***, 744 A.2d at 751-52. Consequently, as Cook failed to develop his weight claim with any meaningful or pertinent discussion, we could deem it waived for lack of development. ***See Commonwealth v. Dunphy***, 20 A.3d 1215, 1218 (Pa. Super. 2011) (holding that issues raised in a Rule 1925(b) concise statement that are not developed in appellate brief are abandoned). However, we decline to do so.

defense claim. Based upon all of the evidence presented . . . , including the undeniable severity of the injuries [Cook] inflicted on the unarmed victims with a deadly weapon to vital areas of their bodies and evidence of [Cook's] demeanor and actions immediately prior to, during, and after the stabbings, this court finds that the verdicts rendered were not contrary to the weight of the evidence and do not shock this court's sense of justice.

Trial Court Opinion, 9/22/23, at 3-5 (unnecessary capitalization omitted).

Following our review, we discern no abuse of discretion by the trial court in rejecting Cook's weight claim. The jury had the exclusive province to believe all, part, or none of the evidence presented, and to make credibility determinations regarding the victims' and Cook's testimony. *See Talbert*, 129 A.3d at 545. Additionally, because the trial court judge had the opportunity to hear and see the evidence presented, this Court gives the gravest consideration to the findings and reasons advanced by that judge when reviewing its determination regarding the weight of the evidence. *See Clay*, 64 A.3d at 1055. Based on the record before us, and the sound reasoning provided by the trial court, we decline to disturb its determination that the verdict did not shock its sense of justice. Accordingly, Cook's second issue merits no relief.

In Cook's third issue he challenges the trial court's admission of testimony regarding Cook's statement at the bar that he had recently been released from jail. Preliminarily, we must address whether Cook preserved this issue for our review. In order to preserve a challenge to an evidentiary ruling, a litigant must make a timely and specific objection to the trial court's

ruling. *See Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008). However, where an appellant lodges an evidentiary objection but thereafter withdraws the objection, it is waived for appellate purposes. *See Commonwealth v. Johnson*, 301 A.2d 632, 634 (Pa. 1973) (holding that, because defense counsel withdrew his objection to the now challenged testimony, it could not be raised on appeal); *see also* Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

As noted above, defense counsel initially objected to the admission of testimony regarding Cook's statement to Ms. Lenzi, Mr. Chambers, and Mr. Lookabaugh regarding his recent release from jail. However, defense counsel specifically withdrew the objection to the admission of the statement stating, "I really, at this point, don't have an objection. I don't feel that I can object to it." N.T., 9/19-22/22, at 7. Accordingly, as counsel specifically withdrew the objection, we conclude that Cook's third issue is waived for failure to preserve the objection at trial.

In Cook's fourth issue he purports to challenge the trial court's order denying the matters raised in his post-sentence motion. Once again, we must preliminarily determine whether Cook preserved the issue for our review. The only issue raised in Cook's post-sentence motion which the trial court denied was his motion for judgment of acquittal based on the sufficiency of the evidence. *See* Opinion and Order, 8/8/23, at 1-19. However, as discussed

above, Cook failed to preserve a sufficiency challenge for appellate review by specifying the element or elements of each conviction which he alleges went unproven at trial. **See** Concise Statement, 9/12/23, at unnumbered 1; **see also Williams**, 959 A.2d at 1257 (holding that when a concise statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal). Thus, Cook's final issue is waived.[5]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/24/2024

---

[5] Moreover, Cook failed to provide any discussion of his fourth issue in his brief. **See** Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). Instead, Cook merely incorporated by reference the discussion of his first issue, regarding the sufficiency of the evidence, which we deemed waived.