Commonwealth *v.* Butler, Appellant.

400

Argued March 16, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Leon H. Fox, Jr.*, with him *Fox and Fox*, for appellant.

*Sidney M. DeAngelis*, Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., April 16, 1959: .

Willie Butler was indicted in Montgomery County for a violation of Section 628 of The Penal Code. Act of June 24, 1939, P. L. 872, Section 628, 18 P.S. 4628. This section incorporates in the Code the Uniform Firearms Act. Subsection (e), with which we are here concerned, provides in pertinent part as follows: "No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided". The case was tried before Judge GERBER without a jury. After the Commonwealth rested, defendant's demurrer to the evidence was overruled. The case proceeded and, after the testimony closed, defendant's request for binding instructions was refused. The court thereafter found the defendant guilty, denied his motion in arrest of judgment, and imposed sentence. This appeal followed.

Willie Butler and his wife, Tomie, had a quarrel, and Tomie went to the home of her father, Jacob Hill. Several days later, November 28, 1957, Willie came to the Hill residence. In the right-hand pocket of his jacket he was carrying a revolver for which he had no license. Tomie's sister testified that she saw the gun in Willie's pocket, became frightened, and called the police. Hill testified that he came downstairs to "ask him out", that Willie refused to leave, that the gun was "sticking up in the pocket", and that Willie had his hand on the gun but did not pull it out. When the police officers arrived, Willie attempted to conceal the gun from them by passing it to his wife. In the gun were three live cartridges. For the defense, Tomie testified that she could see the gun in Willie's pocket, that it "was stuck in, and you could see part of the handle". Willie testified that one-half of the gun extended from his pocket, and that it was plainly visible.

He further testified that he was going to shoot target, and had no intention of harming anyone. However, Judge GERBER did not find this explanation credible.

Appellant's sole contention is that the evidence was insufficient to sustain his conviction. We must view the evidence in the light most favorable to the Commonwealth which has the verdict: *Commonwealth v. Stone,* 187 Pa. Superior Ct. 225, 144 A. 2d 614. Appellant's contention rests upon the proposition that the word "concealed" as used in the statute envisages total concealment. There are no Pennsylvania cases in point. In some jurisdictions there is no concealment within the meaning of the statute if the weapon is partly exposed to view. However, this rule is not uniform and there are cases which adopt the view that a weapon is concealed unless it is fully exposed. See *State v. Bias,* 37 La. Ann. 259. There is an extensive annotation in 43 A.L.R. 2d 494. The evil sought to be corrected by the enactment of the Uniform Firearms Act is a serious one, and courts owe a duty to the public to see to it that the legislative intent is not thwarted by a construction which is unreasonably rigid and inflexible. In the words of Judge GERBER: "The applicable statute is viewed as having the aim of discouraging the carrying of unlicensed weapons because of the inherent threat to human life and public peace, the primary thrust of the statute being to prohibit a practice evil in its tendencies".

It is true that, under Section 58 of the Statutory Construction Act,[1] penal provisions are to be strictly construed. However, Section 51 of the Act provides that the object of all interpretation and construction of laws is. to ascertain and effectuate the intention of the legislature. The rule of strict construction does

---

[1] Act of May 28, 1937, P. L. 1019, 46 P.S. 501 et seq.

not require that the words of a criminal statute must be given their narrowest meaning or that the evident legislative intent should be disregarded: *Commonwealth v. Mason,* 381 Pa. 309, 112 A. 2d 174. The canon of strict construction of penal statutes is not an inexorable command to override common sense and evident statutory purpose: *Commonwealth v. Yaste,* 166 Pa. Superior Ct. 275, 70 A. 2d 685. See also *Commonwealth v. Bienkowski,* 137 Pa. Superior Ct. 474, 9 A. 2d 169; *Commonwealth v. Paul,* 177 Pa. Superior Ct. 289, 111 A. 2d 374; *Commonwealth v. Aikens,* 179 Pa. Superior Ct. 501, 118 A. 2d 205.

Our interpretation of the statute under consideration is that the issue of concealment depends upon the particular circumstances present in each case, and is a question for the trier of fact. In the case at bar, Judge GERBER was impressed not only by the manner in which the gun was being carried, but also by the effort to conceal it from the police officers. We have concluded that the evidence was sufficient to warrant appellant's conviction.

Judgment affirmed.