## Commonwealth v. Hossler

*Alfred C. Alspach,* for Commonwealth.
*W. Hensel Brown,* for defendant.

WISSLER, P. J., January 26, 1962. — Defendant, Robert Hossler, was indicted under section 941 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4941, in that he "did unlawfully, wilfully and maliciously maim and kill a domestic animal, to wit, a pet dog the property of Francis Hasselbach." Defendant has moved to quash the indictment on the ground that a dog is not a "domestic animal" under section 941 of the Penal Code, supra, under which he was indicted. He relies upon section 101 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §601, which reads as follows: "The following words and phrases, when used in any law hereafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section: . . .

(37) 'Domestic animal,' any equine animal, bovine animal, sheep, goat and pig."

In Commonwealth v. Mainero, 21 D. & C. 2d 239, it was held that since a dog is not a "domestic animal" within the definition of that term as contained in section 101 of the Statutory Construction Act of May 28, 1937, P. L. 1019, an indictment charging defendant with killing a dog in violation of section 941 of the Penal Code of June 24, 1939, P. L. 872, making it unlawful to kill a domestic animal, will on motion be quashed. We cannot with all due respect subscribe to this view, but will rather subscribe to the contrary view as held in Commonwealth v. Fries, 14 D. & C. 2d 622, in which President Judge Trembath relied on section 533 of the Statutory Construction Act, which provides: "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage."

In Andrews v. Smith, 324 Pa. 455, Mr. Justice Maxey at 459 stated: "Animals such as horses, oxen and dogs are not beasts that are ferae natura, i.e., wild beasts, but are classed as mansuetae natura, i.e., tamed and domesticated animals. . . . Of all animals, dogs have probably been the longest domesticated. . . ." Likewise, in the recent case of Groner v. Hedrick, 403 Pa. 148, a dog is considered a "domestic animal," citing with approval the case of Andrews v. Smith, supra.

Furthermore, the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552, provides: "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: (1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable; . . ." The Penal Code of 1939, supra, was passed two years after the Statutory Construction Act, supra.

It is, therefore, unlikely that the legislature was not familiar with the common knowledge that a dog is a tamed and domesticated animal and when it dropped the word "dog" it was simply dropping a superfluous word and did not intend thereby a result that would be absurd or unreasonable in accordance with provision 552 of the Statutory Construction Act, supra.

In Commonwealth v. Butler, 189 Pa. Superior Ct. 399, it was held: ". . . The rule of strict construction does not require that the words of a criminal statute must be given their narrowest meaning or that the evident legislative intent should be disregarded: Commonwealth v. Mason, 381 Pa. 309, 112 A. 2d 174. The canon of strict construction of penal statutes is not an inexorable command to override common sense and evident statutory purpose. Commonwealth v. Yaste, 166 Pa. Superior Ct. 275, 70 A. 2d 685."

And now, January 26, 1962, for the foregoing reasons the motion to quash the indictment is overruled.