J-A31002-17

2018 PA Super 198

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                              :               PENNSYLVANIA
             Appellant           :
                                              :
                                              :
            v.                  :
                                              :
                                              :
DARREN MONTGOMERY             :     No. 251 EDA 2017

Appeal from the Order December 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  MC-51-CR-0014901-2016

BEFORE:  PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

OPINION BY PANELLA, J.                          **FILED JULY 05, 2018**

The Commonwealth of Pennsylvania appeals[1] from the order affirming the dismissal of the charge of carrying a firearm without a license against Darren Montgomery and denying the Commonwealth permission to re-file the charge. The Commonwealth claims it presented sufficient evidence that Montgomery had concealed a firearm on his person for the charge to be bound over for trial. We agree, and thus reverse and remand.

The Commonwealth charged Montgomery with violations of 18 Pa.C.S.A. § 6106, carrying a firearm without a license, and § 6108, carrying a firearm

_____

* Former Justice specially assigned to the Superior Court.

[1] In its notice of appeal, the Commonwealth certified that the dismissal of the carrying a firearm without a license charge substantially handicaps its prosecution. We therefore have jurisdiction over this appeal. **See** Pa.R.A.P. 311(d).

on public streets in Philadelphia. After a preliminary hearing, the municipal court found the Commonwealth had not presented a *prima facie* case of violating § 6106. The court bound the § 6108 charge over for trial.

The Commonwealth re-filed the complaint to reinstate the § 6106 charge. Trial was postponed and a hearing was held on the re-filed complaint.[2] The Commonwealth did not present new testimony, but rested on the testimony presented at the previous hearing. The court once again dismissed the § 6106 charge, and the Commonwealth filed this timely appeal.

"At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt." **Commonwealth v. Karetny**, 880 A.2d 505, 513-514 (Pa. 2005) (citation omitted). The Commonwealth establishes a *prima*

---

[2] Under the Rules of Criminal Procedure, the Commonwealth had the power to re-file the complaint "with the issuing authority who dismissed" the § 6106 charge. **See** Pa.R.Crim.P. 544(A); Pa.R.Crim.P. 1003(E)(1) (providing that preliminary hearings in Philadelphia municipal court be conducted, with exceptions not here relevant, in conformance with Pa.R.Crim.P. 544). The Commonwealth had the option of filing a motion requesting any subsequent preliminary hearing be held in front of a different issuing authority. **See** Pa.R.Crim.P. 544(B).

After the complaint was re-filed, this case retained its municipal court docket number, and the hearing notices were captioned in the municipal court. There is no indication the Commonwealth filed a motion requesting the hearing be held by a different issuing authority. However, a judge of the Philadelphia Court of Common Pleas held the second hearing. No party has objected to this procedure.

*facie* case when it presents evidence that the defendant violated a criminal statute. ***See id***., at 514.

We review an order quashing a criminal charge for an error of law. ***See id***., at 513. As such, we take the evidence presented by the Commonwealth as true. ***See id***., at 514. We merely determine whether the facts presented by the Commonwealth warrant a trial on the merits of the charge. ***See id***.

This case turns on the issue of whether a firearm tucked into a waistband so that its handle is visible is "concealed." Section 6106 prohibits an unlicensed person from carrying a firearm "concealed on or about his person, except in his place of abode or fixed place of business." The Commonwealth must establish that every element of this crime, including concealment, was done intentionally, knowingly, or recklessly. ***See Commonwealth v. Scott***, 176 A.3d 283, 291 (Pa. Super. 2017).

At the preliminary hearing, the Commonwealth presented the testimony of police officer Robert McCuen. Officer McCuen testified that he saw Montgomery "messing with" what he believed to "the handle of a gun in his waistband." N.T., Preliminary Hearing, 8/15/16, at 5. He could not see the entire gun, just the handle. ***See id.,*** at 7.

Montgomery walked into a nearby store. ***See id***., at 6. Officer McCuen stopped his car in front of the store. ***See id***. And he watched as Montgomery walked back out of the store. ***See id***. After spotting Officer McCuen,

Montgomery turned around and walked back into the store. *See id*. Officer McCuen followed Montgomery into the store and stopped him. *See id*.

Officer McCuen did not find a firearm on Montgomery, but found one several feet away on top of a rack of potatoes. *See id*., at 7. The only other person in the small store was a cook on the other side of a counter from the potatoes. *See id*., at 7-8.

In quashing the § 6106 charge, the court relied upon *Commonwealth v. Williams*, 346 A.2d 308 (Pa. Super. 1975). There, Williams was seen firing a gun at a passing car. *See id*., at 309. After the car turned a corner, Williams walked towards a witness with the gun at his side. *See id*. As he approached the witness, he "began to spin the gun and toss it from one hand to the other." *Id*. As he walked away, Williams "stuck the gun in his belt." *Id*.

The *Williams* court held "there is no evidence whatsoever as to any attempt by appellant to conceal any weapon." *Id*., at 310. As a result, the evidence was insufficient to sustain a conviction for a violation of § 6106. *See id*.

By contrast, the Commonwealth argues this case is controlled by our Supreme Court's subsequent decision in *Commonwealth v. Scott*, 436 A.2d 607 (Pa. 1981) ("*Scott I*"). There, two witnesses "saw appellant pull from his waistband something that looked like a gun." *Id*., at 608. The Supreme Court held "the testimony of the two Commonwealth witnesses … is sufficient to sustain the jury's conclusion that appellant had, in fact, concealed the

weapon." *Id*., at 609. The Court, in reaching its decision, did not reference *Williams*.

While *Scott I* and *Williams* appear to be in conflict, we conclude this Court's recent decision, also captioned *Commonwealth v. Scott*, 176 A.3d 283 (Pa. Super. 2017) ("*Scott II*"), reveals a possible distinction. There, the appellant argued he had not intentionally concealed a firearm on his person. *See id*., at 290. This Court held that § 6106 was not a strict liability statute, and thus, the Commonwealth was required to prove the defendant had acted "intentionally, knowingly or recklessly with respect to each element" of the crime. *Id*., at 291 (internal quotation marks and citations omitted).

Viewed in the context provided by *Scott II*, application of § 6106 is straightforward. Pursuant to *Scott I*, *any* concealment, even partial, is sufficient to satisfy the concealment element of the crime. However, pursuant to *Scott II*, this does not constitute the entirety of the Commonwealth's burden; it must still prove the concealment was, at the very least, reckless. Thus, in *Williams*, the evidence was insufficient as the appellant visibly brandished and fired the gun in front of witnesses. There was no evidence his placement of the gun in his waistband was anything more than a negligently convenient carrying method. To the extent language in *Williams* is contrary to this interpretation, we recognize it was implicitly overruled by *Scott I*.

Turning to the application of this framework to this case, it is clear, under *Scott I*, the Commonwealth presented sufficient evidence of

concealment—the firearm was tucked into Montgomery's waistband with only the handle visible.

Also, the evidence is sufficient to establish Montgomery knowingly concealed it there. Officer McCuen testified that Montgomery turned around when he saw a police officer, and walked into a nearby store. When Officer McCuen caught up to Montgomery, the gun had been placed on a nearby rack. This evidence is sufficient to allow a finder of fact to conclude Montgomery was attempting to conceal the firearm from observation.

As a result, we conclude the court erred in quashing the § 6106 charge. We therefore reverse and remand for further proceedings.

Order reversed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/5/2018*