IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 4 EAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court entered on July 5, 2018 at No. |
| | : | 251 EDA 2017 (reargument denied |
| v. | : | September 6, 2018) reversing the |
| | : | Order entered on December 6, 2016 |
| | : | in the Court of Common Pleas, |
| DARREN MONTGOMERY, | : | Philadelphia County, Criminal |
| | : | Division at No. MC-51-CR- |
| Appellant | : | 00014901-2016. |
| | : | |
| | : | ARGUED:  March 10, 2020 |

## OPINION

**JUSTICE BAER**                                                                    **DECIDED:  July 21, 2020**

This appeal presents the issue of whether the Superior Court erred by holding that a handgun partially tucked into one's waistband, leaving the weapon's handle visible, was "concealed" as a matter of law for purposes of Section 6106 of the Uniform Firearm's Act, 18 Pa.C.S. § 6106, which prohibits carrying a concealed firearm without a license.  We respectfully reject the Superior Court's holding that any level of concealment of a firearm demonstrates concealment as a matter of law, and reaffirm the well-settled principal that whether a defendant concealed a firearm pursuant to Section 6106 is an extremely fact-intensive question for a jury to determine based upon a consideration of the totality of the circumstances.

Nevertheless, for the reasons set forth herein, we hold that a review of the totality of the circumstances establishes that there was sufficient evidence to demonstrate a

*prima facie* case of concealment under Section 6106.  Accordingly, we affirm the Superior Court's judgment, which reversed the trial court's order dismissing the Section 6106 charge and remanding for further proceedings.

*I. Background*

The record establishes that on May 21, 2016, Officer Robert McCuen was on patrol in the area of 1048 East Chelten Avenue in Philadelphia.[1]  Officer McCuen observed Appellant "messing with the handle of a gun in his waistband on the 1100 block of Chelten Avenue."  N.T., 8/15/2016, at 5.  Notably, Officer McCuen believed from his thirteen years of experience as a police officer that the object protruding from Appellant's waistband was a brown handle of a handgun.  Appellant then entered a small nearby store, causing Officer McCuen and his partner to park in front of the establishment.  When Appellant exited the store shortly thereafter, he looked in the direction of the officers and then turned around and went back into the store.

Officer McCuen followed Appellant into the store, which had counters in the front presumably for checkout, a deli in the back with a counter between the employee and the customers, and only two aisles.  The officer observed a firearm in the back of the store on the top of a rack of potatoes, a couple of feet away from where Appellant was standing.  At that time, the only other individuals in the store were a cook on the other side of the deli counter in the back, and two employees behind the front counter with one customer.  Upon finding the gun, Officer McCuen stopped Appellant in the middle of the store and asked him if the firearm belonged to him.  Appellant replied that it did not.

---

[1] As Appellant has yet to be tried for his offenses, the facts set forth herein are derived from the testimony presented at his preliminary hearing held on August 15, 2016.

Appellant was thereafter charged with one count each of carrying a firearm on public streets in Philadelphia, 18 Pa.C.S. § 6108, and carrying a firearm without a license, 18 Pa.C.S. § 6106, the charge at issue here.

Section 6106, entitled "Firearms not to be carried without a license," provides in relevant part:

> (a) Offense defined.--
>
> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).

A preliminary hearing was held in the Municipal Court of Philadelphia County ("trial court") on August 15, 2016. Based on the evidence presented as set forth above, the trial court dismissed the Section 6106 charge for lack of evidence.[2] On August 23, 2016, the Commonwealth refiled the complaint alleging a Section 6106 violation.[3] At the December 7, 2016 hearing on the refiled complaint, the trial court heard argument from the parties. No new testimony was presented, as the parties relied upon the evidence presented at the initial preliminary hearing. The trial court again dismissed the Section 6106 charge.

In its opinion in support of dismissal, the trial court held that the Commonwealth failed to present sufficient evidence to demonstrate a *prima facie* case of carrying a

---

[2] The court bound the Section 6108 charge over for trial.

[3] Refiling of the complaint was permitted under Pa.R.Crim.P. 544(a) (providing that "[w]hen charges are dismissed or withdrawn at, or prior to, a preliminary hearing . . . , the attorney for the Commonwealth may reinstitute the charges by approving, in writing, the re-filing of a complaint with the issuing authority who dismissed or permitted the withdrawal of the charges"); *see also* Pa.R.Crim.P. 1003(E)(1) (providing that preliminary hearings in Philadelphia municipal court shall be conducted in accordance with Pa.R.Crim.P. 544(a), with exceptions not relevant here).

firearm without a license in violation of Section 6106. Initially, the court found that to establish the offense of carrying a firearm without a license, the Commonwealth must prove that: (a) the weapon was a firearm; (b) the firearm was unlicensed; and (c) the firearm was concealed on or about the person outside his home or place of business. Trial Court Opinion, 3/6/2017, at 3 (citing *Commonwealth v. Parker*, 847 A.2d 745 (Pa. Super. 2004)). The trial court further acknowledged that "whether a defendant concealed a firearm on his person is a question for the fact-finder, and is extremely fact intensive, as well as determined on a case-by-case basis." *Id.* (citing *Commonwealth v. Nickol*, 381 A.2d 873 (Pa. 1977)).

The trial court examined decisions where a court had found sufficient evidence for a jury to conclude that the defendant unlawfully concealed a firearm. Trial Court Opinion, 3/6/2017, at 3 (citing *Nickol, supra* (finding sufficient evidence to give rise to a permissible inference that the defendant concealed a firearm where a witness testified that she saw no weapon in the defendant's possession prior to his entering the supermarket or after the defendant returned to her car, while other testimony established that the defendant fired a weapon, fatally shooting a supermarket employee); *Commonwealth v. Scott*, 436 A.2d 607 (Pa. 1981) ("*Scott Pa.*")[4] (finding sufficient evidence to sustain a conviction of Section 6106 where there was conflicting testimony as to whether the defendant pulled something from his waistband that resembled a gun before shooting the victim or made no attempt to conceal the weapon because questions of credibility were for the trier of fact to resolve).

---

[4] Coincidentally, as discussed *infra*, there are two cases identified as *Commonwealth v. Scott*, which are relevant to this appeal, each unrelated to the other and each decided by a different court. As we refer to the cases repeatedly herein, for ease of discussion we will refer to *Commonwealth v. Scott*, 436 A.2d 607 (Pa. 1981), as "*Scott Pa.*" and *Commonwealth v. Scott*, 176 A.3d 283 (Pa. Super. 2017), as "*Scott Pa. Super.*"

The trial court reasoned that the instant case was distinguishable from those cases because "at no time was an actual gun seen or determined to be in [Appellant's] hand; rather, the officer saw what he *believed* to be the *handle* of a gun in [Appellant's] waistband; later, a gun was seen on top of some merchandise in the store, not on [Appellant's] person." Trial Court Opinion, 3/6/2017, at 4 (emphasis in original). The court also cited *Commonwealth v. Williams*, 346 A.2d 308 (Pa. Super. 1975), for the proposition that there was insufficient evidence of concealment where a witness observed the defendant firing a handgun at a passing automobile in Philadelphia, spinning the gun and tossing it from hand to hand, and placing the gun in his belt; yet, no gun was found on the defendant when he was subsequently arrested and searched.[5]

Accordingly, the trial court dismissed the Section 6106 charge based upon the lack of evidence establishing that the item purportedly concealed in Appellant's waistband was, in fact, a firearm. *See* Trial Court Opinion, 3/6/2017, at 6 (opining that "there is no evidence that, whatever [Appellant] had in his possession or in his waistband, if anything, was a gun that [Appellant] was attempting to conceal when he was first observed by Officer McCuen"). Emphasizing the lack of evidence that Appellant ever brandished a firearm, which could lead to an inference that the firearm was, at some point, concealed, the court concluded that the Commonwealth could not establish a *prima facie* case that Appellant concealed a firearm on his person.

---

[5] The trial court's citation to the Superior Court's holding in *Williams* appears to lend significance to the fact that no gun was found on the defendant when he was subsequently arrested and searched. As discussed *infra*, a fair reading of *Williams*, however, does not plainly support that notion, as the court's analysis seemingly focused on the defendant's open use of the firearm, as opposed to his concealment thereof. *See Williams*, 346 A.2d at 310 (holding that "there is no evidence whatsoever as to any attempt by appellant to conceal any weapon; and therefore, we must conclude that the evidence was insufficient to sustain appellant's conviction as to Section 6106").

The Superior Court reversed. *Commonwealth v. Montgomery*, 192 A.3d 1198 (Pa. Super. 2018).[6] The intermediate appellate court first observed that "[a]t the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt." *Id.* at 1200 (quoting *Commonwealth v. Karetny*, 880 A.2d 505, 513-14 (Pa. 2005)). The court reasoned that "[t]he Commonwealth establishes a *prima facie* case when it presents evidence that the defendant violated a criminal statute. *Id.* (citing *Karetny*, 880 A.2d at 514). In determining whether the Commonwealth presented facts that warrant a trial on the merits of the Section 6106 charge, the Superior Court narrowly viewed the issue as "whether a firearm tucked into a waistband so that its handle is visible is 'concealed.'" *Id.*

The Superior Court analyzed three cases to resolve the appeal. First, it examined that court's decision in *Commonwealth v. Williams, supra*, cited by the trial court, which held that there was no evidence of any attempt to conceal a firearm where the defendant was seen firing a gun at a passing car, walking thereafter with the gun at his side, spinning and tossing the gun from one hand to the other, and then placing the gun in his belt. Curiously, the intermediate appellate court reasoned that *Williams* appeared to be in conflict with this Court's decision in *Scott Pa.*, *supra*, which it interpreted as holding that there was sufficient evidence to sustain a conviction of Section 6106 where two witnesses testified that they observed the defendant pull something from his waistband that resembled a gun, notwithstanding that the defendant testified that he made no attempt to conceal the weapon.

---

[6] The Superior Court indicated that it exercised jurisdiction because the Commonwealth, in its notice of appeal, certified that the dismissal of the carrying a firearm without a license charge "substantially handicaps its prosecution." *Montgomery*, 192 A.3d at 1199 n.1 (citing Pa.R.A.P. 311(d)).

The intermediate appellate court concluded that its decision in *Scott Pa. Super.,* *see* n.4, *supra*, "reveals a possible distinction" between the cases of *Williams* and *Scott Pa*. *Id.* at 1201. In *Scott Pa. Super.*, a police officer was conducting a pat-down of the defendant in response to a report of domestic violence and discovered a handgun in its holster located under the defendant's t-shirt. The defendant contended that he had not intentionally concealed the firearm on his person as his t-shirt had initially been tucked into his pants, revealing the gun, but that the t-shirt had become untucked. On appeal from his Section 6106 conviction, the defendant reiterated that he had not intentionally concealed the firearm on his person, and argued that concealment under the statute requires a culpable mental state. The court in *Scott Pa. Super.* agreed, holding that Section 6106 was not a strict liability statute, and thus, the Commonwealth was required to prove that the defendant had acted "'intentionally, knowingly, or recklessly' with respect to each element, including the concealment element." *Scott Pa. Super.*, 176 A.3d at 291 (internal citation omitted).

Notably, drawing from these decisions, the Superior Court below held as a matter of law that, pursuant to *Scott Pa.*, "any concealment, even partial, is sufficient to satisfy the concealment element of the crime." *Montgomery*, 192 A.3d at 1201. It further concluded that pursuant to *Scott Pa. Super.*, the Commonwealth must still prove that Appellant possessed the intent to conceal the weapon. *Id.* The Superior Court interpreted *Williams* as holding that the evidence in that case was insufficient to establish a violation of Section 6106, as the defendant visibly brandished and fired the gun in front of witnesses and his placement of the gun in his waistband was nothing more than a negligently convenient carrying method. *Id.* The court concluded, perhaps erroneously, that "to the extent language in *Williams* is contrary to this interpretation, we recognize that it was implicitly overruled by [*Scott Pa.*]." *Id.*

Applying such jurisprudence to the facts presented, the Superior Court held that under *Scott Pa.*, the Commonwealth presented sufficient evidence of concealment because the firearm was tucked into Appellant's waistband with only the handle visible. *Id.* The court went on to hold that there was sufficient evidence that Appellant knowingly concealed the weapon as Officer McCuen testified that Appellant turned around when he saw a police officer and walked into a nearby store, and when the officer caught up to Appellant, he placed the gun on a nearby produce rack. *Id.* The Superior Court concluded that this evidence was "sufficient to allow a finder of fact to conclude [Appellant] was attempting to conceal the firearm from observation." *Id.* Accordingly, the court held that the trial court erred in quashing the Section 6106 charge.

## II. Parties Arguments

Appellant contends that the Superior Court erred in reversing the trial court's dismissal of the Section 6106 charge. The crux of his argument focuses on refuting the Superior Court's holding that "any concealment, even partial, is sufficient to satisfy the concealment element of the crime." *Montgomery*, 192 A.3d at 1201. In Appellant's view, a handgun tucked into a waistband, with the handle protruding and clearly visible cannot be "concealed" for purposes of Section 6106. Acknowledging that the term "concealed" is undefined by the Uniform Firearms Act or the Crimes Code, he suggests that the Court adopt a dictionary definition, particularly, *Webster's Third New International Dictionary of the English Language* (Unabridged), 469 (1993), which defines "conceal" as "to place out of sight; withdraw from being observed; shield from vision or notice." Appellant posits that his firearm was not placed out of sight or shielded from vision, as half of the firearm was protruding from his waist, visible to all passersby, including Officer McCuen.

Appellant submits that if the Legislature intended to prohibit partial concealment, it would have drafted the statute to prohibit firearms that were "fully or partially concealed."

Brief for Appellant at 12 (citing, *e.g.,* 18 Pa.C.S. § 7507.1(a)(1) (prohibiting the videotaping or otherwise recording of another person without their consent in a state of "full or partial nudity")). In the absence of such language, Appellant maintains that Section 6106, as a penal statute, must be strictly construed. *Id.* at 10-11 (citing *Commonwealth v. Brown*, 981 A.2d 893, 898 (Pa. 2009) (providing that "where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt"), and 1 Pa.C.S. § 1928(b)(1) (providing that penal statutes are to be strictly construed)).

Appellant contends that the Superior Court's analysis of the case law interpreting Section 6106 is flawed for several reasons, all relating to the court's ultimate holding that partial concealment of a firearm is sufficient to establish the concealment element of Section 6106 as a matter of law. Contrary to the lower court, Appellant interprets *Williams* as standing for the proposition that the placement of a gun in one's waistband is insufficient to demonstrate concealment under Section 6106. Appellant asserts that the Superior Court concluded mistakenly that *Williams* had been overruled by this Court's subsequent decision in *Scott Pa.* He maintains that *Scott Pa.* held only that when there is evidence that the defendant concealed the weapon and evidence that he did not conceal it, resolution of the issue is for the trier of fact to determine. In no way, Appellant asserts, did *Scott Pa.* alter *Williams*' holding that there is no concealment if the firearm is visible.[7]

---

[7] Appellant further relies upon a responsive opinion of Judge Hester in *Commonwealth v. Berta*, 514 A.2d 921 (Pa. Super. 1986). At issue in *Berta* was whether it was unlawful for one to possess, in a concealed fashion, an unloaded, unlicensed replica of an antique firearm. The court answered the inquiry in the affirmative. Acknowledging that the defendant abandoned his challenge to the lower court's finding of concealment where the trooper had observed the butt of what appeared to be a pistol protruding from the defendant's belt line, Judge Hester opined that such evidence did not establish concealment. Interpreting *Williams* in the same manner as Appellant, *i.e.,* as holding that

Finally, Appellant relies on decisions from other states for the proposition that when a police officer observes and readily identifies the handle of a pistol extending from an individual's waistband, that gun is not concealed for purposes of statutes prohibiting the carrying of a concealed weapon. Brief for Appellant at 16-17 (citing *People ex. Rel. O.R.*, 220 P.3d 949, 952 (Colo. Ct. App. 2009) (holding that "concealed" means placed out of sight so as not to be discernible or apparent by ordinary observation; thus, the lower court erred in determining that a partially concealed, but readily discernable firearm is "concealed" for purposes of the governing statute); *State v. Reams*, 27 S.E. 1004, 1006 (N.C. 1987) (providing that if a weapon is partly exposed to public view, it would be unreasonable to conclude legally that the gun was concealed); *State v. White*, 376 So. 2d 124, 125 (La. 1979) (holding that partial concealment of a weapon is insufficient to establish the offense of carrying a concealed weapon where the jury concludes that the weapon was displayed in a manner that its identity was clearly revealed); *People v. Crachy*, 268 N.E. 2d 467, 467-68 (Ill. Ct. App. 1971) (holding that evidence that an officer observed from fifteen to thirty feet away that the defendant was carrying a pistol in his waistband was insufficient to establish concealment, as the weapon was not covered or obstructed from view); *Clemons v. State*, 262 A.2d 786, 788 (M.D. Ct. App. 1970) (holding that there was insufficient evidence of concealment of a weapon where the defendant pulled the pistol from his belt, which was not covered by a coat); and *Reid v. Commonwealth*, 184 S.W.2d 101, 102 (Ky. Ct. App. 1944) (holding that a pistol tucked into the waistband of the defendant's pants was not concealed for purposes of a firearms violation)).

---

the placement of a firearm in one's waistband is insufficient to establish concealment, Judge Hester found that, had the issue been argued on appeal, he would have reversed the Section 6106 conviction. Appellant contends that Judge Hester's concurring opinion is persuasive and should be adopted by this Court.

Accordingly, Appellant urges the Court to vacate the judgment of the Superior Court and remand the matter for trial on the remaining charge alleging a violation of Section 6108, carrying a firearm in Philadelphia.

The Commonwealth responds that the Superior Court's ultimate ruling that the evidence was sufficient to establish a *prima facie* case of concealment under Section 6106 is jurisprudentially sound. A careful reading of the Commonwealth's position, however, reveals that it does not contend that a handgun partially tucked into one's waistband, leaving the gun's handle partially visible, is sufficient, in and of itself, to demonstrate a violation of Section 6106, as a matter of law. Rather, the Commonwealth posits that evidence of any concealment, even partial, may be sufficient to submit the case to the jury if the evidence, viewed as a whole in the light most favorable to the Commonwealth, supports the inference that the carrier of the firearm intended to conceal it. Brief for Appellee at 17. Applying this totality of the circumstances paradigm to the facts presented, the Commonwealth concludes that sufficient evidence exists to allow a factfinder to infer reasonably that Appellant knowingly concealed his firearm, as he carried it partially tucked into his waistband, evaded police by retreating into a store when the officers observed him, and hid the firearm on a rack of potatoes when the officers approached him.

The Commonwealth refutes Appellant's position that to constitute concealment under Section 6106, the firearm must be completely obscured from view. It relies on the Superior Court's decision in *Commonwealth v. Butler*, 150 A.2d 172 (Pa. Super. 1959), which held that there was sufficient evidence of concealment where witnesses observed part of a gun handle protruding from the defendant's pocket, followed by the defendant's attempt to hide the weapon by passing it to his wife when police officers approached, a factual scenario the Commonwealth finds remarkably similar to that presented here. It

asserts that *Butler* rejected expressly the argument that the word "concealed' as used in the Uniform Firearms Act "envisages total concealment." Brief for Appellee at 11 (citing *Butler*, 150 A.2d at 173). Rather, the Commonwealth maintains, the court concluded that "the issue of concealment depends upon the particular circumstances present in each case, and is a question for the trier of fact." *Id.*

The Commonwealth also relies on *Butler* to contradict Appellant's suggestion that the term "concealed," undefined by statute, is ambiguous, and, thus, subject to strict construction. It argues that the meaning of "concealment" in Section 6106 is not rendered ambiguous, and, thus, subject to strict construction, merely because it lacks a modifier. It observes that in *Butler*, the intermediate appellate court explained that the rule of strict construction of penal statutes "does not require that the words of a criminal statute must be given their narrowest meaning or that the evident legislative intent should be disregarded," and that the "cannon of strict construction of penal statutes is not an inexorable command to override common sense and evident statutory purpose." Brief for Appellee at 11 (citing *Butler*, 150 A.2d at 173).

The Commonwealth argues that common sense would be compromised and the purpose of the concealment statute subverted if we adopted Appellant's position. It submits that defining concealment as requiring invisibility of the firearm would allow a defendant to thwart a Section 6106 charge by leaving only the smallest portion of a firearm visible, regardless of how unrecognizable that little part may be to an average citizen or police officer, and conceal a weapon for unlawful purposes with impunity. Brief for Appellee at 10 (*citing Commonwealth v. McKnown*, 79 A.3d 678, 690 (Pa. Super. 2013) (holding that Section 6106 "serves to protect the public from persons who would carry concealed firearms for unlawful purposes")).

The Commonwealth maintains that Pennsylvania courts have long recognized a plain, common-sense interpretation of concealment. It relies on this Court's decision in *Scott Pa.* for the proposition that testimony of witnesses who observed the defendant "pull from his waistband something that looked like a gun" was sufficient to sustain the jury's conclusion that the defendant concealed the weapon that he used to shoot the victim. Brief for Appellee at 13 (citing *Scott Pa.*, 436 A.2d at 608-09). Emphasizing that the Court in *Scott Pa.* deferred to the jury's resolution of the fact-intensive issue of concealment, the Commonwealth maintains that we should follow a similar approach here and decline Appellant's invitation to define concealment by the most restrictive means possible.

The Commonwealth further disputes Appellant's interpretation of the Superior Court's decision in *Williams,* as holding that the placement of a firearm in one's waistband is insufficient to demonstrate concealment under Section 6106. To the contrary, it asserts, the intermediate appellate court's holding in *Williams* had nothing to do with the ultimate placement of the firearm in the defendant's waistband. Rather, it submits, *Williams* simply held that there was no evidence of any attempt to conceal a weapon where the defendant was shooting, waving, and tossing his firearm from hand to hand before placing it in his belt. The Commonwealth argues that the circumstances herein are readily distinguishable as Appellant made known his intent to conceal the weapon.

In fact, the Commonwealth posits, Appellant's interpretation of concealment ignores entirely the consideration of whether he demonstrated an intent to conceal his firearm, which was firmly established when he evaded police by entering the store after the officers observed him with the weapon, and concealed the weapon on a rack of potatoes when he saw the police officers approaching. Brief for Appellee at 14 (citing *Scott Pa. Super.*, 176 A.3d at 291 (holding that to establish a violation of Section 6106,

the Commonwealth must establish that a defendant acted intentionally, knowingly or recklessly in concealing the weapon)). [8]

Finally, the Commonwealth cites decisions from other jurisdictions that stand for the proposition that concealment is a fact-intensive inquiry for the trier of fact, and that total invisibility of the gun is not required. *See* Brief for Appellee at 18-20 (citing, *inter alia*, *McKee v. State*, 488 P.2d 1039, 1042 (Al. 1971) (holding that a weapon is concealed if it is hidden from ordinary observation; absolute invisibility to others is not required); *Peoples v. Fuentes*, 134 Cal. Rptr. 885, 886 (Ct. App. 1976) (holding that the mere fact that "some portion of the handle" of the weapon may have been visible renders it "no less a concealed weapon"); *State v. Sellers*, 281 So.2d 397, 398 (Fla. Dist. Ct. App. 1973) (holding that "where the weapon is carried in such a manner that an ordinary citizen viewing the accused would not see the weapon clearly exposed as such the question of concealment should be left to the jury")).

Accordingly, the Commonwealth concludes that the Superior Court's judgment should be affirmed, as it satisfied its burden at the preliminary hearing stage of establishing a *prima facie* case of concealment under Section 6106.

### *III. Analysis*

Stated broadly, we must determine whether the Superior Court erred in reversing the trial court's dismissal of the Section 6106 charge for failure to present a *prima facie* case of concealment at the preliminary hearing, as well as the trial court's refusal to allow the Commonwealth to refile that charge. It is well-established that "the evidentiary

---

[8] The Commonwealth also finds Appellant's reliance upon Judge Hester's concurring opinion in *Berta*, *supra*, to be misplaced as the responsive opinion is not precedential, and is inapposite as the defendant in *Berta* simply had a firearm in his waistband and demonstrated no intent to conceal the weapon by attempting to hide it when he saw police, as occurred here. We agree with the Commonwealth that the majority's decision in *Berta* did not speak to the issue presented herein and that Judge Hester's responsive opinion has no precedential value.

sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." Commonwealth v. *Karetny*, 880 A.2d at 513.

It is equally well-settled in our jurisprudence that a preliminary hearing is not a trial, that the principle function of a preliminary hearing is to "protect an individual's right against an unlawful arrest and detention," and that the Commonwealth bears the burden at the preliminary hearing of establishing "a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it." *Commonwealth v. Weigle*, 997 A.2d 306, 311 (Pa. 2010) (quoting *Commonwealth v. McBride*, 595 A.2d 589, 591 (Pa. 1991)). The evidence supporting a *prima facie* case need not establish the defendant's guilt beyond a reasonable doubt, but must only demonstrate that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to proceed to a jury. *Commonwealth v. Karetny*, 880 A.2d at 514. The Commonwealth establishes a *prima facie* case where it "produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense." *Id.*

In examining the elements of the crime charged herein, we reiterate that Section 6106 of the Uniform Firearms Act provides, as relevant here, that "any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). The narrow question posed by Appellant in this appeal involves only the concealment element of the crime. See *Commonwealth v. Montgomery*, 204 A.3d 360 (Pa. 2019) (granting review of the issue of whether the Superior Court erred in holding that a handgun that was only partially tucked into a

waistband, with the handle visible, was "concealed" for purposes of the Uniform Firearms Act).[9, 10]

As noted, Appellant challenges the Superior Court's holding in this regard, contending that it was error to conclude as a matter of law that "any concealment, even partial, is sufficient to satisfy the concealment element of the crime." *Montgomery*, 192 A.3d at 1201. He further argues that the plain meaning of the term "concealed" in Section 6106 denotes invisibility or a complete shield from notice, and that a finding of concealment here would be contrary to this Commonwealth's case law.

Without endorsing the Superior Court's holding that partial concealment is sufficient to satisfy the concealment element of Section 6106 as a matter of law, the Commonwealth posits that a handgun partially tucked into one's waistband could be sufficient to establish concealment if the evidence, when viewed as a whole and in the light most favorable to the Commonwealth, supports an inference that the defendant intended to conceal it. It concludes that the evidence presented at Appellant's preliminary hearing satisfies this standard.

Initially, we observe that the term "concealed" is not defined by the Uniform Firearms Act or the Crimes Code. When interpreting the term for purposes of Section 6106, we keep in mind that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). When ascertaining legislative intent, "[e]very statute shall be construed, if possible, to give effect to all its provisions." *Id.* The words of a statute shall be construed according to

---

[9] Like our review of the evidentiary sufficiency of the Commonwealth's *prima facie* case, our standard of review of a lower court's interpretation of a statute is *de novo*, and our scope of review is plenary. *Shafer Elec. & Constr. v. Mantia*, 96 A.3d 989, 994 (Pa. 2014).

[10] Appellant does not claim in this appeal that the Commonwealth failed to establish that the weapon at issue was a firearm or that the firearm was unlicensed.

rules of grammar and according to their common and approved usage. *Id.* § 1903(a). We further acknowledge that the Pennsylvania General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable, *id.* § 1922(1), and we presume that the General Assembly intends the entire statute to be effective. *Id.* § 1922(2). Only when the statutory language is unclear may a court go beyond that language to consider the factors enumerated in the Statutory Construction Act. *Id.* § 1921(c).

Upon careful consideration, we agree with Appellant that the Superior Court erred by holding that any level of concealment, even partial, is sufficient as a matter of law to satisfy the concealment element of Section 6101. In support of its conclusion in this regard, the intermediate appellate court relied upon this Court's decision in *Scott Pa.*

In *Scott Pa.*, the defendant had been convicted of third degree murder and a violation of Section 6106 after he fatally shot the victim.[11] The defendant contended that he had acted in self-defense, although witnesses indicated that the defendant had not been provoked. Two Commonwealth witnesses testified that they observed the defendant pull from his waistband "something that looked like a gun," while the defendant claimed that he made no attempt to conceal his firearm and, instead, approached the group while holding the gun openly in his hand. *Scott Pa.*, 436 A.2d at 608-09. On appeal, the defendant challenged the sufficiency of the evidence establishing concealment. Emphasizing that questions of credibility are to be resolved by the jury, this Court held, without elaboration, that the testimony of the two Commonwealth witnesses "is sufficient to sustain the jury's conclusion that appellant had, in fact, concealed the weapon." *Id.* at 609.

---

[11] The statute at the time, albeit different from the current version, contained the relevant language prohibiting a person from carrying a firearm "concealed on or about his person" without a license. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 6106 (repealed).

Contrary to the reasoning of the intermediate appellate court in the instant appeal, this Court in *Scott Pa.* did not base its ruling on any particular level of concealment, but concluded, rather summarily, that it was for the jury to resolve conflicts of fact relating to whether the firearm was concealed. Thus, our decision in *Scott Pa.* cannot reasonably be interpreted as holding that any concealment, even partial, is sufficient to satisfy the concealment element of Section 6106 as a matter of law.[12] Conversely, appellate courts in this Commonwealth have consistently held that it is for the finder of fact to determine under the totality of the circumstances whether the defendant concealed a firearm on or about his person. *See Commonwealth v. Nickol*, 381 A.2d at 877 (holding that the issue of whether the defendant concealed a firearm was a question for the fact-finder where a witness testified that she saw no weapon in the defendant's possession prior to entering the supermarket or after the defendant returned to her car, while other testimony established that the defendant fired a weapon, fatally shooting a supermarket employee); *Commonwealth v. Horshaw*, 346 A.2d 340, 343 (Pa. Super. 1975) (holding that the "issue of concealment depends upon the particular circumstances present in each case, and is a question for the trier of fact"); *Butler*, 150 A.2d at 173 (same).[13]

---

[12] We acknowledge that the Superior Court did not end its analysis by finding that any level of concealment was sufficient, as it proceeded to examine Appellant's intent to conceal, as demonstrated by his evasion of police and placement of his gun on the rack of potatoes.

[13] The Superior Court also relied on its prior decision in *Scott Pa. Super.* for the proposition that the Commonwealth must prove that the defendant acted with the requisite intent in concealing the firearm. *See Montgomery*, 192 A.3d at 1201 (interpreting *Scott Pa. Super.* as holding that Section 6106 is not a strict liability provision and that the Commonwealth was required to prove that the defendant acted intentionally, knowingly or recklessly in concealing the firearm). While we do not dispute the Superior Court's interpretation of *Scott Pa. Super.*, we find that decision irrelevant to the determination of what level of concealment, if any, is required to satisfy Section 6106 as a matter of law.

Our analysis is not concluded, however, as we must still construe the term "concealed," as used in Section 6106. In doing so, we decline Appellant's invitation to interpret "concealed" as requiring the defendant to obscure the firearm from sight completely. As cogently argued by the Commonwealth, we find particularly insightful and persuasive the analysis set forth by the Superior Court more than sixty years ago in *Butler*, *supra*, which addressed this precise issue.

In *Butler*, witnesses observed the defendant with a revolver "sticking up in the pocket" of his jacket, and when officers arrived, the defendant attempted to hide the gun from police by passing it to his wife. *Butler*, 150 A.2d at 173. The witnesses explained that they could see part of the gun's handle, while the defendant testified that the gun was plainly visible. Following a bench trial, the defendant was convicted of violating a prior version of Section 6106, which, like the current version, prohibited a person from carrying a firearm "concealed on or about his person" without a license. *Id.*, at 172 (citing 18 Pa.C.S. § 4628 (repealed)).

On appeal, the defendant contended that the evidence was insufficient to establish concealment because the term "concealed" as used in the statute "envisages total concealment." *Id.* at 173. The intermediate appellate court in *Butler* expressly rejected this approach, explaining that the "evil sought to be corrected by the enactment of the Uniform Firearms Act is a serious one, and courts owe a duty to the public to see to it that the legislative intent is not thwarted by a construction which is unreasonably rigid and inflexible." *Id.* The court viewed the statute as "discouraging the carrying of unlicensed weapons because of the inherent threat to human life and public peace." *Id.*

Acknowledging that courts construe penal statutes strictly, the *Butler* court emphasized that the "rule of strict construction does not require that the words of a criminal statute must be given their narrowest meaning or that the evident legislative

intent should be disregarded." *Id.* (citing *Commonwealth v. Mason*, 112 A.2d 174, 175 (Pa. 1955)). It found that the canon of strict construction of penal statutes "is not an inexorable command to override common sense and evident statutory purpose." *Id.* Emphasizing that the determination of whether one concealed a firearm depends upon the particular circumstances of each case, the *Butler* court concluded that the manner by which the defendant carried the weapon, coupled with his effort to conceal it from the police officers, were sufficient to sustain his conviction.

We reach a similar conclusion here. The courts of this Commonwealth have never adopted the view that absolute concealment of the firearm is required to establish a violation of Section 6106. This interpretation would be unreasonable as it would allow the defendant to avoid prosecution for carrying an unlicensed concealed weapon if he were to leave the smallest portion of the firearm exposed to view. The prohibition on carrying an unlicensed concealed weapon serves to apprise citizens of the fact that an individual is carrying deadly force, thereby lessening the chance that such individual could take his adversary, or anyone else, at a fatal disadvantage. Allowing unlicensed individuals to circumvent the concealment proscription by revealing a small portion of the gun that would go unnoticed by ordinary observation would thwart the very transparency that the statute promotes. Accordingly, we hold that one "carries a firearm concealed on or about his person" pursuant to Section 6106 when, viewed in the totality of the circumstances, he or she carries the firearm in such a manner as to hide the firearm from ordinary observation; absolute invisibility to others is not required.[14]

---

[14] Contrary to Justice Wecht's dissenting opinion, we are not removing the Commonwealth's burden of establishing that the unlicensed firearm was concealed. Nor are we suggesting that criminal liability under Section 6106 lies each time a citizen carries an unlicensed firearm in a manner that displays a portion, but not all of the weapon. In fact, we have rejected expressly the Superior Court's holding in that regard. Instead, this decision is interpreting the phrase "concealed on or about his person" in accordance with

Applying this construct to the instant appeal, upon a review of the totality of the circumstances presented, we conclude that it is clear that the Commonwealth presented sufficient evidence at the preliminary hearing to establish a *prima facie* case of concealment. We reach this conclusion in recognition of well-settled case law establishing that at the preliminary hearing stage, evidence must be viewed in the light most favorable to the Commonwealth and inferences reasonably drawn from the evidence supporting a verdict of guilt must be given effect. *Commonwealth v. Huggins*, 836 A.2d 862, 866 (Pa. 2003).

Here, the Commonwealth presented at the preliminary hearing the testimony of Officer McCuen who observed Appellant "messing with the handle of a gun in his waistband." N.T., 8/15/2016, at 5.[15] Although the firearm was not "fully visible," *id.*, based on his thirteen years of experience as a police officer, Officer McCuen believed that the

---

that phrase's plain meaning and common usage, taking into account the context in which the General Assembly employed the phrase, and defining the terms to denote "hiding the firearm from ordinary observation." The statute requires concealment, not partial concealment and not total concealment. The import of our decision is that a jury is not precluded from finding liability under Section 6106 where the circumstances establish that the defendant carried an unlicensed firearm on or about his person in a manner so as to hide it from ordinary observation, without rendering the firearm completely invisible to the naked eye. As demonstrated throughout, the instant facts illustrate how a factfinder could reasonably reach that conclusion. Unlike Justice Wecht's dissent, which focuses on a "snapshot" in time, both figuratively and literally, to determine whether the particular item is concealed, we follow the jurisprudence cited herein, which requires a review of the totality of the circumstances presented and leaves that determination to the jury.

[15] The record does not support Appellant's assertion that "the barrel of a handgun was shoved into his belt," and was "protruding for anyone to see." Brief for Appellant at 9. As noted, Officer McCuen testified that he "observed Appellant "messing with the handle of a gun in his waistband," not in his belt, and that the gun was not "fully visible." N.T. 8/15/2016, at 5. The Commonwealth emphasizes the significance of the distinction between placing a firearm in one's belt, as opposed to one's waistband, reasoning that a gun placed in a belt obscures the weapon only to the extent of the width of the belt, while an object placed in a waistband is completely obscured below the top of the waistband.

object in Appellant's waistband was the brown handle of a handgun. The officer then observed Appellant enter a small nearby store and exit the store shortly thereafter. Upon glancing in the officer's direction, Appellant immediately returned to the store. Officer McCuen followed Appellant inside and recovered a firearm in the back of the store on the top of a rack of potatoes, a few feet from where Appellant was standing. When asked if the gun belonged to him, Appellant responded that it did not.

This evidence, when view in its entirety and in the light most favorable to the Commonwealth, is sufficient to give rise to a permissible inference that Appellant concealed his firearm as he carried it partially tucked into his waistband, evaded police by retreating into a store when officers observed him, and evidenced his intent to conceal the weapon by hiding the firearm on a rack of potatoes when the officers approached.[16] *See Commonwealth v. Pressley*, 249 A.2d 345, 346 (Pa. 1969) (holding that it was proper for a jury to infer concealment where an officer observed the defendant across the street reach under his sweater and then saw a gun at the defendant's feet after a bus passed between the officer and the defendant).

---

[16] In her concurring and dissenting opinion, Justice Donohue agrees with our interpretation of "concealment," which does not require absolute invisibility of the firearm. Concurring and Dissenting Opinion (Donohue, J.) at 1. She disagrees, however, with our application of that legal standard to the facts presented. Justice Donohue views Officer McCuen's testimony as insufficient to demonstrate a *prima facie* case of concealment, and concludes that Appellant's actions of evading the police and discarding the firearm are irrelevant to the concealment inquiry. *Id.*, at 5. While a jury may agree with Justice Donohue that Officer McCuen's testimony demonstrates that Appellant's firearm was not hidden from ordinary observation, the jury may also conclude that the object in Appellant's waistband, although not invisible, would have gone unnoticed by ordinary observation, and that Appellant's evasion of police and discarding of the firearm when officers approached evidenced his continued intent to conceal the firearm. *See Commonwealth v. Butler*, 150 A.2d at 173 (holding that the manner by which the defendant carried the weapon in his pocket coupled with the defendant's efforts to conceal the weapon by passing it to his wife when police approached were sufficient to constitute concealment). Consistent with our jurisprudence, we refrain from making a determination of concealment as a matter of law and leave it to the fact-finder to consider the totality of the circumstances and determine whether Appellant concealed the firearm.

Appellant may certainly offer evidence at trial and argue to the jury that he did not intentionally conceal a firearm in his waistband and that the particular firearm that Officer McCuen discovered in the store did not belong to him. A reasonable jury may credit such facts. This defense theory, however, does not alter the fact that the Commonwealth established a *prima facie* case of concealment at the preliminary hearing to warrant holding this matter over for trial. Under these circumstances, it is for the finder of fact to determine whether the evidence presented constitutes concealment for purposes of Section 6106.

Finally, we find no merit to Appellant's assertion that finding a *prima facie* case of concealment under the facts presented would be inconsistent with the Superior Court's decision in *Williams*, *supra*. In *Williams*, the defendant was convicted of carrying a concealed weapon without a license after witnesses observed him firing a handgun at a passing vehicle, spinning the gun and tossing it from one hand to the other, and ultimately placing the weapon in his belt. The defendant was thereafter arrested and searched, but no firearm was found. On appeal, the defendant contended that there was insufficient evidence of concealment. The Superior Court agreed, opining only that there was "no evidence whatsoever as to any attempt by appellant to conceal any weapon;" thus, the evidence was insufficient to sustain the conviction under Section 6106. *Williams*, 346 A.2d at 310.

Contrary to Appellant's contentions, there is no language in the *Williams'* decision suggesting that the finding of insufficient evidence of concealment was based on the fact that the defendant ultimately placed the firearm in his belt. Rather, the import of the decision was simply that there was insufficient evidence of concealment because the defendant carried the firearm openly as he fired it and tossed it from hand to hand, and

did not demonstrate an intent to conceal the weapon in any way. As demonstrated above, the facts of the instant case are clearly distinguishable.

Accordingly, for the reasons set forth herein, we affirm the judgment of the Superior Court, which reversed the trial court's dismissal of the Section 6106 charge and remanded the case for further proceedings.

Chief Justice Saylor and Justices Todd, Dougherty and Mundy join the opinion.

Justice Donohue files a concurring and dissenting opinion.

Justice Wecht files a dissenting opinion.